IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-11-722 |
| | § | |
| | § | |
| ABRAHAM MOSES FISCH | § | |

**MEMORANDUM AND ORDER**

Defendant Abraham Moses Fisch moved the court to reconsider its Memorandum and Opinion denying his motion for an evidentiary hearing to contest the recording of a *lis pendens* on his real property. Fisch's principal argument is that the court erred in applying *United States v. Melrose East Subdivision*, 357 F.3d 493 (5th Cir. 2004). Fisch also argues that the court should abate the case pending the outcome of *United States v. Kaley,* 677 F.3d 1316 (11th Cir. 2012), *cert. granted*, 133 S.Ct. 1580 (2013). For the reasons that follow, the court denies Fisch's motion for reconsideration and the motion for a continuance.

**I.     The Legal Standard**

While the Federal Rules of Criminal Procedure do not provide for a motion for reconsideration, *see United States v. CITGO Petrol. Corp.*, 908 F. Supp. 2d 812, 820 (S.D. Tex. 2012), the Supreme Court has "concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healey*, 376 U.S. 75 (1964)). "Motions to reconsider in criminal cases are judicial creations not derived from any statute or rule." *United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009) (citing *United States v. Brewar*, 60 F.3d 1142, 1143 (5th Cir. 1995); *Matter of Shivers*, 900 F. Supp. 60, 62–63 (E.D. Tex. 1995)). "The district courts possess continuing jurisdiction over criminal cases and are free to reconsider their own earlier decisions." *Id.* (citing *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975)). Fisch contests an

order, not a final judgment. Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468 (5th Cir. 1989) (quotation omitted).

## II.     Fisch's *Melrose* Argument

Fisch argues that the district court in *United States v. Melrose East Subdivision*, 357 F.3d 493 (5th Cir. 2004), required the government to prove that it had probable cause to restrain assets before requiring the defendant to prove that he had insufficient unrestrained funds to retain counsel of choice. Fisch contends that this court erred in requiring him to prove a need for his restrained assets before he was entitled to a hearing on whether the government had a right to restrain the assets. Fisch's argument is unpersuasive. The Fifth Circuit in *Melrose* stated as follows:

> On November 26, White filed a motion seeking either an adversary hearing on the restraining order or the release of restrained funds to the extent that he needed the funds to pay for his defense attorney in the criminal case. The government opposed the motion. The government contended that funds needed to pay counsel are not exempt from forfeiture, and, moreover, the government argued that White was not even entitled to a hearing on the restraining order unless he first showed both that he lacked any other funds with which to pay counsel and that there was no probable cause to believe that the restrained assets were subject to forfeiture. The district judge held a hearing on March 22, 2002. The hearing transcript shows that the parties and the court were at times uncertain as to the standards and procedures that would be employed to rule on White's motion. The court *appears* to have orally ruled that White need not make the threshold showings requested by the government and that the government would instead bear the initial burden of showing that it was substantially likely to prevail on the merits of its forfeiture claim.
>
> . . . .
>
> At a [later] hearing, the court suggested that its rulings at the March 22 hearing had been a "little too hard" on the government. After reflecting on the Supreme Court's decision in *United States v. Monsanto*, 491 U.S. 600, 109 S. Ct. 2657, 105 L. Ed. 2d 512 (1989), the court now believed that the pretrial restraining order should be continued as long as there was probable cause to believe that the property was subject to forfeiture.

*Melrose*, 357 F.3d at 497.  Fisch misses footnotes one and five of the opinion.  The Fifth Circuit expressly declined to comment on whether a defendant must show that he needs the restrained property before the defendant is entitled to a hearing.  In *Melrose*, the district court had already reviewed and accepted the defendant's affidavit as evidence of his need for the assets to pay counsel.  The Fifth Circuit stated:

> White's November 26 motion referred to an affidavit in which White swore that the restrained funds were needed to pay counsel, but the affidavit was apparently not included in the government's copy of the motion. The government later received a copy of the affidavit, but the government continued to assert that White had other assets that he could use to pay his attorney. At the subsequent hearing on White's motion, the government accordingly asked the district court to examine White about the availability of other funds before entertaining the motion to release funds from the restraining order.
>
> . . . .
>
> Although the government believes that the district court applied the proper standard of proof (i.e. probable cause) and correctly concluded that probable cause was present, the government also argues that the district court should not have held a hearing in the first place because White did not make a sufficient threshold showing that the restrained funds were necessary to pay counsel.
>
> White presented an affidavit stating that he had no other funds with which to pay for a defense attorney, and *there were suggestions, which the district judge apparently credited, that White had been found to qualify for appointed counsel in the related criminal prosecution*.
>
> This showing appears quite similar to the showings described in cases that, according to the government's own argument, set forth the proper threshold showing. *See, e.g., Farmer,* 274 F.3d at 802, 804.
>
> Since the district court decided to hold a hearing and the government still prevailed, we think it would be imprudent to use this case to elaborate the precise details of the circumstances and showings necessary to trigger a due process hearing—a constitutional question that we are not required to decide here. *Cf. Monsanto,* 491 U.S. at 615 n. 10, 109 S.Ct. 2657 ("[G]iven that the Government prevailed in the District Court notwithstanding the hearing, it would be pointless for us now to consider whether a hearing was required by the Due Process Clause.").

3

*Melrose E. Subdivision*, 357 F.3d at nn. 1,5 (5th Cir. 2004) (emphasis added).

Fisch has represented to this court that he does not qualify for appointed counsel. The affidavits that he submitted are insufficient for the reasons previously stated in this court's Memorandum and Opinion. *Melrose* does not preclude the threshold showing that this court required Fisch to make. Indeed, requiring this threshold showing appears to be accepted practice for the reasons set out in this court's previous Memorandum and Opinion. Those reasons are repeated below for completeness and ease of reference.

"Due process does not automatically require a hearing and a defendant may not simply ask for one." *United States v. Jones*, 160 F.3d 641, 648 (10th Cir. 1998). "[W]hen the Government is seeking forfeiture and secures an indictment to that effect based on probable cause, a court may issue a restraining order without prior notice or a hearing." *United States v. Holy Land Found. for Relief and Dev.*, 493 F.3d 469, 475 (5th Cir. 2007) (en banc). "In some cases, however, due process will require that the district court then promptly hold a hearing at which the property owner can contest the restraining order, without waiting until trial to do so." *Id.*

Like most circuits, the Fifth Circuit, sitting en banc, adopted the "time-honored test of *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine when a hearing is required." *Id.* (citing *United States v. Jones*, 160 F.3d 641, 645–48 (10th Cir. 1998); *United States v. Monsanto*, 924 F.2d 1186, 1193–98 (2d Cir. 1991), *on remand from* 491 U.S. 600 (1989); *United States v. Moya-Gomez*, 860 F.2d 706, 729–30 (7th Cir. 1988); *United States v. Harvey*, 814 F.2d 905, 928–29 (4th Cir. 1987), *superceded as to other issues*, *In re Forfeiture Hearing As to Caplin & Drysdale, Chartered*, 837 F.2d 537 (4th Cir. 1988) (en banc), *aff'd*, 491 U.S. 617 (1989)). Under that test, the court considers three factors when deciding whether the defendant is entitled to a hearing: "the private interest that will be affected by the restraint; the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the burdens that the hearing would

entail." *Id.* "[C]ircuits employing this test have found that a property owner's interest is particularly great when he or she *needs the restrained assets* to pay for legal defense on associated criminal charges, or to cover ordinary and reasonable living expenses." *Id.* (emphasis added) (citing *United States v. Melrose East Subdivision*, 357 F.3d 493, 499–500 (5th Cir. 2004) (collecting cases)).

The Fifth Circuit has recognized that "due process requires the district court to hold a prompt hearing at which the property owner can contest the restraining order – without waiting until trial to do so – *at least when the restrained assets* are needed to pay for an attorney to defend him on associated criminal charges." *Melrose*, 357 F.3d at 499 (emphasis added) (citing *Jones*, 150 F.3d at 645–48). "As a preliminary matter, a defendant must demonstrate to the court's satisfaction that she has no assets other than those restrained, with which to retain private counsel and provide for herself and her family." *Jones*, 160 F.3d at 648. While a defendant's right to choose his counsel under the Sixth Amendment is a significant private interest under the *Mathews* test, "[t]his private interest would be absent if [Fisch] possessed the means to hire an attorney independently of assets that were seized." *United States v. Farmer*, 274 F.3d 800, 804 (4th Cir. 2001). "If a defendant does not make such a threshold showing of need to use wrongly seized assets to pay his attorneys, 'then the private interest of the *Mathews* calculus drops out of the picture, tipping the balance of interests against a post-restraint hearing.'" *Id.* (quoting *Jones*, 160 F.3d at 647). "In sum, a defendant must 'show a bona fide need to utilize [restrained] assets . . . to conduct his defense' in order to be entitled to a hearing." *Id.* (quoting *United States v. Kirschenbaum*, 156 F.3d 784, 792 (7th Cir. 1998)).

The Fifth Circuit has declined to "elaborate the precise details of the circumstances and showings necessary to trigger a due process hearing." *Melrose*, 357 F.3d at n. 5. Most courts require two threshold showings: "due process requires a pretrial adversary hearing when a defendant claims that a portion of the assets restrained . . . are untainted and that he has no other funds from which to secure the counsel of choice." *United States v. Farmer*, 274 F.3d 800, 803 (4th Cir. 2001) (citations omitted). That is, the defendant must make a *prima facie* threshold showing that he needs

5

the assets and that the government lacked probable cause to restrain them. *See United States v. Farmer*, 274 F.3d 800, 805 (4th Cir. 2001). The Second Circuit recently rejected this second threshold showing and has held that a defendant must only make the threshold financial showing that "he or she does not have sufficient alternative assets to fund counsel of choice." *United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013). Fisch has made neither showing.

After thoroughly considering Fisch's motion, the court finds no reason to reconsider its previous ruling and depart from the clear guidance of the Second, Fourth, and Tenth Circuits that when the defendant identifies the right to choose counsel as the private liberty interest affected by a pretrial restraint, the defendant must at least come forward and show the court that he indeed needs the restrained assets to exercise that right before a hearing is required.

## II.    Abatement and Continuance

Fisch moves the court to reconsider its refusal to abate or continue the case pending the outcome of *United States v. Kaley,* 677 F.3d 1316 (11th Cir. 2012), *cert. granted*, 133 S.Ct. 1580 (2013). The court previously considered this argument in its Memorandum and Opinion. The motion to reconsider and the motion for a continuance are denied for the reasons previously stated.

## III.   Conclusion

Fisch's motion for reconsideration (Docket Entry No. 108) is denied. Fisch's motion for a continuance (Docket Entry No. 109) is also denied.

SIGNED on January 28, 2014, at Houston, Texas.

*[signature]*
Lee H. Rosenthal
United States District Judge