**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL  NO. H-11-722 |
| | § | |
| | § | |
| ABRAHAM MOSES FISCH | § | |

**ORDER**

The defendant, Abraham Moses Fisch, filed an Amended Motion to Lift Lis Pendens and for Traceability Hearing and an Advisory to the Court. (Docket Entry Nos. 112, 117).  The government has responded.  (Docket Entry No. 118).  The motion and the relief requested in the advisory are denied, for the reasons explained below.

Fisch challenges the notice of lis pendens the government filed on his real property.  He claims that he needs access to the encumbered asset to get money to retain defense counsel of his choosing, which he estimates will cost $500,000.  In a written opinion dated October 24, 2013, this court denied Fisch a pretrial evidentiary hearing to contest the lis pendens and denied his motion for reconsideration on January 28, 2014.  (Docket Entry Nos. 105, 110).  Fisch was denied an evidentiary hearing because he failed or refused to make the required preliminary factual showing that he does not have other available assets to pay for an attorney.

Fisch then filed an Amended Motion to Lift Lis Pendens seeking the same evidentiary hearing, with an allegedly more detailed financial affidavit filed in camera. (Docket Entry No. 113). The court reviewed it and instructed Fisch to file a legible copy of the documents containing the financial information he relied on.  (Docket Entry No. 115).  The court ordered that this legible

version would be disclosed to the government so it could respond to Fisch's argument that he had shown entitlement to an evidentiary hearing on traceability.  (*Id.*).  Fisch again refused to comply. He instead filed the "Advisory" in which he objects to his financial information being disclosed even limited to the AUSA responsible for this case.  Fisch also repeats the same arguments, which this court rejected in two written opinions and in numerous hearings, that he should not be required to make any preliminary showing of financial need to obtain a hearing on traceability.

The court asked the parties to address: (1) how the Supreme Court's decision in *United States v. Kaley* affects whether Fisch is entitled to a hearing to challenge the lis pendens on his house; (2) whether Fisch's latest financial filings are sufficient to entitle him to a hearing; and (3) whether Fisch's admitted tax liability affects his ability to use his home equity to pay for his defense counsel of choice.

## I.     The Effect of *United States v. Kaley*

In *Kaley v. United States*, 134 S.Ct. 1090 (2014), the Supreme Court held that criminal defendants challenging pretrial restraints on assets on Sixth Amendment grounds are not entitled to a judicial hearing on the merits of the criminal charges.  In *Kaley*, the criminal defendants sought to use restrained assets to pay for their defense attorneys of choice.  The assets were listed in the forfeiture count of the indictment.  Immediately after indictment, the government obtained a restraining order under 21 U.S.C. § 853(e)(1).  The defendants sought a postrestraint, pretrial evidentiary hearing to challenge the finding of probable cause that supported the restraint of assets they claimed they needed to pay defense attorneys.  The district court held an evidentiary hearing limited to whether the restrained assets were traceable to, or involved in, the alleged criminal

conduct.  The court denied the defendants' request for a hearing on the merits of the charges.  The Eleventh Circuit affirmed, as did the Supreme Court.

The Supreme Court in *Kaley* held that defendants have no right to relitigate the grand jury's finding of probable cause that the defendant has committed the charged offense.  "The grand jury gets to say – without any review, oversight, or second-guessing – whether probable cause exists to think that a person committed a crime."  *Id*. at 1098.  The Court noted that lower courts "have uniformly allowed the defendant to litigate . . . whether probable cause exists to believe that the assets in dispute are traceable or otherwise sufficiently related to the crime charged in the indictment," but did not opine on the right to such a hearing.  *Id*. at 1095.

This court has followed the approach opined in *Kaley*.  That case clarified that Fisch may not obtain a hearing on the merits of the charges.  Under existing law, which *Kaley* did not address, whether Fisch is entitled to a traceability hearing depends on two preliminary showings.  First, Fisch must demonstrate that there are no assets other than those subject to forfeiture to pay his defense costs and living expenses.  *United States v. Jones*, 160 F.3d 641, 647 (10th Cir. 1998); *United States v. Farmer*, 274 F.3d 800, 804-06 (4th Cir. 2001).  Second, he must make a *prima facie* showing of a reason to believe that the grand jury erred in determining that the restrained asset constitutes or is derived from proceeds traceable to the charged offense.  *Jones*, 160 F.3d at 647.

Circuit courts agree that a defendant must make the first showing, demonstrating the need to pay an attorney with the restrained asset, before he may obtain a hearing challenging the government's pretrial restraint of that asset.  *See United States v. Bonventre*, 720 F.3d 126, 130–31 (2d Cir. 2013).  Fisch has repeatedly failed to make the first showing that he "does not have sufficient alternative assets to fund counsel of choice."  *Id*.

3

On June 27, 2013, this court ordered Fisch to file a financial affidavit by July 19, 2013, to determine whether the factual prerequisite for a hearing had been met. Fisch obtained a continuance until July 26, 2013. He failed to file the affidavit by the new deadline. In an August 12, 2013 hearing, the court again ordered Fisch to file the required financial affidavit. On August 23, 2013, the court ordered Fisch to file an accurate "sworn financial affidavit setting forth his financial information in sufficient detail that the court may accurately evaluate whether there are no assets other than those subject to forfeiture to pay the defendant's legal defense and living expenses"; and a document setting forth the grounds for asserting that the grand jury erred in determining that the restrained assets constitute or are derived from proceeds traceable to the commission of the charged offense. (Docket Entry No. 97). The court set a deadline of September 23, 2013. After a hearing on September 13, 2013, the court extended the deadline to September 27, 2013. (Docket Entry No. 102).

On September 27, Fisch filed a financial affidavit, in camera. On October 24, 2013, the court issued a written opinion explaining how Fisch's filing was wholly inadequate. Fisch's filing was "scant, conclusory, and insufficient" and "woefully incomplete." (Docket Entry No. 105, Oct. 24, 2013, at 10). "Fisch ha[d] failed to satisfy the threshold requirement for a hearing. He has provided wholly insufficient information to show that he needs the restrained asset to pay for his legal defense and to cover ordinary and reasonable living expenses." (*Id*.). On January 28, 2014, the court denied Fisch's Motion for Reconsideration. (Docket Entry No. 110).

On February 18, 2014, Fisch filed an Amended Motion to Lift Lis Pendens and for Traceability Hearing and submitted an amended affidavit to the court in camera. At a hearing held on February 25, the court noted that portions of Fisch's newly filed financial information were

4

illegible and ordered him to refile in a legible form by February 27. (Docket Entry No. 115). The court also stated that consistent with the practice of other courts facing such issues, the affidavit and other financial materials would be made available to the AUSA working on the case, to enable the government to respond. Instead of complying with that order and refiling his financial documents, Fisch filed an "Advisory to the Court" in which he objected to any disclosure.

Fisch has not shown financial inability to pay for an attorney without a lifting of the lis pendens.

## II.   The *Jones/Farmer* Rule Continues to Apply

In his Advisory to the court, Fisch seeks to relitigate whether he should be subjected to the *Jones/Farmer* requirement of a preliminary showing that he needs the money from his house to pay for his defense before he is entitled to a hearing. The *Jones/Farmer* rule is well settled. Fisch's reliance on *United States v. Monsanto*, 491 U.S. 600 (1989), is unpersuasive. *Monsanto* did not hold that a court hearing must be held before a pretrial restraining order can be imposed. *Monsanto*, 491 U.S. at 615 n.10. Because there is no requirement for a prerestraint judicial finding of probable cause, it does not follow that if it did not occur, the defendant is automatically entitled to a postrestraint judicial finding of probable cause without showing financial need. Fisch is not entitled to avoid the preliminary showing of financial need for the restrained assets.

## III.   Fisch's Tax Liability

The financial information Fisch finally filed, scant and conclusory as it was, showed a large tax liability. That raised the issue whether, even if the lis pendens was lifted, Fisch could use the home equity to pay for his counsel of choice.

If the Internal Revenue Service were to file a lien on Fisch's house for unpaid taxes, he would not be able to use those funds to pay for an attorney. Courts apply the same legal analysis in the tax context and in the forfeiture context when a defendant claims that a tax lien is interfering with his Sixth Amendment right to counsel. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989); *see also United States v. Hopkins*, Nos. 11-2114, 11-2115, 2013 WL 425980 (10th Cir. Feb. 5, 2013) (unpublished); *United States v. Thomas*, 577 F.Supp.2d 469 (D. Maine 2008).

In *Caplin*, the court held that a defendant's Sixth Amendment rights were not violated when his assets, which he intended to use to pay counsel, were forfeited under 21 U.S.C. § 853. The Court stated that "criminal defendants are not exempted from federal, state, and local taxation simply because these financial levies may deprive them of resources that could be used to hire an attorney." *Caplin*, 491 U.S. at 631-32 n.8. *Hopkins* found *Caplin* controlling in the tax context. The *Hopkins* court held that, "[w]hile the government's levy may have impacted whether Sharon Hopkins could pay [her attorney], this alone does not amount to a Sixth Amendment violation." *Id*. at 6. When the levy was filed, "the IRS stepped into the shoes of Defendants and acquired whatever rights to the funds they possessed." *Id*. Under the Internal Revenue Code, a defendant is provided notice of a levy or lien and an opportunity to contest the tax assessment in Tax Court; that is sufficient. *See also Thomas*, 577 F.Supp.2d at 476) (finding no Sixth Amendment violation when defendant was unable to retain his counsel of choice because of an IRS levy on funds the defendant intended to use to pay for counsel).

If the IRS files a lien on Fisch's house and he does not successfully contest the lien in Tax Court, then the IRS will sell his house to satisfy the tax deficiency. Regardless of the government's

lis pendens in support of forfeiture, Fisch may not be able to use the equity in his house to pay for his attorney if the house is subject to the tax lien.

## IV.     Conclusion

Fisch's prolonged failure to provide the necessary financial information means that this court cannot determine that he has established the threshold showing for a hearing on traceability.  His objections are overruled and requests for reconsideration are denied.  Fisch has until **March 31, 2014** to file the information, complete and legible, for the court and government to review.  Failure to do so will end this issue.

SIGNED on March 18, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge