**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-11-722 |
| | § | |
| | § | |
| ABRAHAM MOSES FISCH | § | |

**ORDER ON DEFENDANT ABRAHAM MOSES FISCH'S MOTIONS TO COMPEL,
FOR SANCTIONS, FOR CONTINUANCE, AND FOR CLARIFICATION**

The defendant, Abraham Moses Fisch, has moved for extensive discovery from the government. (Docket Entry Nos. 128, 130). This court held a hearing on those motions on June 4, 2014, issued rulings from the bench, and ordered the government to submit documents to the court in camera for further review and consideration. Fisch has moved for clarification of the court's June 4, 2014 bench rulings. (Docket Entry No. 146). The following order is entered:

**1.     The Motions for Sanctions**. Fisch seeks sanctions for the government's delay in producing the FBI "source" files relating to Lloyd Williams, who has worked in the past as an FBI informant. The government has been diligent in seeking source files relating to Williams from FBI offices around the country. The task is complicated because most of Williams's work as a source was decades ago. He was last used as a source between December 2002 to January 2006. The task is also complicated because the documents and files are in paper rather than electronic form and are harder to locate as a result. The task is further complicated because the files are "classified." Given these challenges, and the government's credible statements describing the work undertaken to locate, declassify, and produce the relevant parts of the source files, the court denies the motions for sanctions that are included in the motions to compel. (Docket Entry Nos. 128, 130).

**2.** **The Motions to Compel**. The court has reviewed in camera FBI source-file documents relating to Lloyd Williams. The government has represented that it has produced and will continue to produce the source files that are declassified, subject to the following limitations and redactions, which the court approves:

- The names and other information identifying the individuals other than Lloyd Williams may be redacted and need not be produced. The content of Williams's communications with third parties will be produced consistent with this order, but not the names or other identifying information about these parties.

- The FBI numbers used internally to identify informants and other individuals other than Williams may be redacted and need not be produced.

- Administrative information in the source files relating to the FBI's management of Williams as an informant, including instructions to him and communications with him on reporting, recording conversations, or using specific investigative techniques, and other internal FBI information relating to the decisions to use Williams as a source, may be redacted and need not be produced.

- Information revealing names of specific weapons may be redacted and need not be produced.

The court's review shows that these redacted categories cover information that is not relevant to this case, much less subject to production under *Brady v. Maryland,* 373 U.S. 83 (1963). The court's review of the administrative portions of the FBI source files submitted in camera similarly shows that these portions are not relevant and do not contain *Brady* information. These portions need not be produced, except that the government must disclose the benefits paid or provided to

Williams for his work on the FBI's behalf and the contents of his communications with third parties in that work.

The government has agreed to include in the documents it produces from the FBI source files the reports the FBI received from other agencies, subject to the same redactions identified above.

The government has received a letter from the FBI with a summary of the contents of some of the Williams source files. It is to be produced, although the court does not find that it contains information covered by *Brady*.

The documents provided by Mr. Hinton, Williams's attorney, to the U.S. Attorney's office, are to be produced, although again the court does not find that they contain information covered by *Brady*.

The FBI is continuing to search to determine whether other source files on Williams exist. Responsive files must be produced consistent with this order when they are declassified. If they cannot be declassified expeditiously, the court is to be informed promptly of the difficulty or delay. When a file is declassified, the government must make expeditious efforts to obtain, review, and produce it, with the redactions set out in this order.

Fisch's request for the production of all investigative files and documents relating to all of the government's witnesses, including production of the entire investigative file for each cooperating defendant, is overbroad. As the government points out, most of these defendants are Fisch's own former clients. Much of the information, such as indictments or judgments, is also available publicly. The government has agreed to collect criminal records, plea agreements, cooperation agreements, and 5K1.1 motions for the cooperating defendants. Fisch has not shown a basis for an

3

order compelling the much broader discovery he seeks.

The motions to compel are granted in part and denied in part, as set out on the record in court and in this order. (Docket Entry Nos. 128, 130).

**3.     The Motion for Continuance**.  The motion for continuance was denied, for the reasons stated on the record at the June 4, 2014 hearing.

**4.     Conclusion**

The motions for sanctions are denied and the motions to compel are granted in part and denied in part. (Docket Entry Nos. 128, 130).  The motion for clarification is moot. (Docket Entry No. 146).

SIGNED on June 26, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge