IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-11-722 |
| | § | |
| | § | |
| ABRAHAM MOSES FISCH | § | |

**MEMORANDUM AND ORDER**

This memorandum and order addresses Abraham Moses Fisch's Motion for Pre-Trial Hearing to Determine Admissibility of Co-Defendant Statements, (Docket Entry No. 147); his Motion to Produce Grand Jury Transcripts, (Docket Entry No. 148); his Motion to Disclose All Promises/Agreements/Benefits Made by the Government to Any Government Witness, (Docket Entry No. 149); Fisch's and Monica Bertman's motions to disqualify the entire United States Attorney's office for the Southern District of Texas, (Docket Entry Nos. 136, 137); and Monica Bertman's Motion and Corrected Motion to Sever Defendants, (Docket Entry Nos. 151, 152). The government has responded to these motions, and the defendants have replied.

For the reasons that follow, all of the defendants' motions are denied.

**I.    The Motion for a *James* Hearing**

Fisch asks for a *James* hearing. *See United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc). The court has ample discretion to carry a "*James* motion through trial or at least through presentation of the government's case" admitting the statements conditionally "until a determination of the existence of the Rule 801(d)(2)(E) predicate facts." *United States v. Fragoso*, 978 F.2d 896, 899–901 (5th Cir. 1992) (aggregating cases); *see also United States v. West*, 58 F.3d 133, 142 (5th

Cir. 1995) ("[N]o hearing is required and the district court was free to allow admission of the testimony before making its determination of whether the testimony fit within Rule 801(d)(2)(E).").

The government has shown that the nature and extent of the evidence it will present to show the existence of the conspiracy and the Rule 801(d)(2)(E) predicate facts make it clearly more effective and far more efficient to carry the *James* motion with the case. There is no need for a pretrial hearing for the court to determine whether the government has established the necessary predicate facts that allow admission of out-of-court statements by alleged coconspirators under the Rule 801(d)(2)(E) coconspirator exception to the hearsay rule. The motion for a pretrial *James* hearing is denied.

## II.     The Motion to Require Production of Grand Jury Transcripts

The government has stated that it will produce the grand jury transcript of the testimony of any individual the government intends to call as a witness in its case in chief 14 days before trial. Given this commitment, the motion for earlier or additional disclosure is denied.

## III.    The Motion for Production of Promises, Agreements, or Benefits

The government has reaffirmed its commitment to meeting its obligations to produce impeachment information, including promises or agreements, including for benefits, for government witnesses who are defendants who have previously been convicted based on guilty pleas or trials. The government's commitment to producing such known impeachment information appears to extend to a commitment to produce it 14 days before trial. No further disclosure obligation is imposed. To the extent Fisch seeks more, his request is denied.

## IV.     The Motion to Sever

Monica Bertman moves to sever her case from the claims against Fisch on the grounds that

there is far more evidence against Fisch and Lloyd Williams than against her; she needs Fisch's testimony; and statements of Fisch and Williams cannot properly be used against her. None of these grounds shows a basis for severance. (Docket Entry Nos. 151, 152).

"Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995) (citing *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976)). Under Federal Rule of Criminal Procedure 8(b), joinder of defendants is appropriate if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

"Defendants named in the same indictment should generally be tried together, particularly when they are allegedly members of a conspiracy." *United States v. Booker*, 334 F.3d 406, 415 (5th Cir. 2003) (citing *United States v. Manges*, 110 F.3d 1162, 1174 (5th Cir. 1997)). However, "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). "A general description of complexity or antagonistic defenses is not sufficient to show the 'specific and compelling prejudice'" necessary for severance. *Booker*, 334 F.3d at 415.

Disparity in the evidence against one defendant as compared to others is not in itself generally a basis for severance, particularly in a conspiracy case. *See United States v. Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994). In addition, a "spillover effect, by itself, is an insufficient predicate for a motion to sever." *United States v. Bieganowski*, 313 F.3d 264, 287 (5th Cir. 2002); *see also United States v. Lewis*, 476 F.3d 369, 384 (5th Cir. 2007). Severance is required on the basis of spillover effect only in the most extreme cases. *United States v. Rocha*, 916 F.2d 219, 228–29 (5th

Cir. 1990). This case is not close to that level. The alleged discrepancies in the amount of evidence do not justify severance.

In addition, juries are presumed to follow instructions, *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), and the Fifth Circuit has held that limiting instructions can adequately cure the risk of prejudice resulting from evidence introduced against codefendants. *See, e.g.*, *Lewis*, 476 F.3d at 384; *United States v. Peterson*, 244 F.3d 385, 393–95 (5th Cir. 2001); *see also Zafiro v. United States*, 506 U.S. 534 (1993) ("When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."). The Fifth Circuit has found limiting instructions to the jury sufficient to protect defendants' trial rights in cases of "much greater magnitude and complexity." *United States v. Abdallah*, No. H-07-cr-155 (LHR), 2007 WL 3256261, at *4 (S.D. Tex. Nov. 5, 2007) (Rosenthal, J.) (citing *United States v. Solis*, 299 F.3d 420, 441 (5th Cir. 2002) (36 counts; 11 defendants at trial); *United States v. Bribiesca*, 189 F.3d 467, at *4 (5th Cir. 1999) (unpublished) (44 counts; 4 defendants); *United States v. Posada-Rios*, 158 F.3d 832, 865 (5th Cir. 1998) (52 counts; 35 defendants; 134-page superseding indictment); *United States v. Philips*, 664 F.2d 971, 1016–17 (5th Cir. 1981) (36 counts; 100-page indictment; 12 defendants); *United States v. Martino*, 648 F.2d 367, 385–86 (5th Cir. 1981) (35 counts, 20 defendants; over 200 witnesses)).

Nor does Bertman justify severance by arguing that a joint trial will unfairly deprive her of Fisch's favorable testimony. A defendant seeking severance on the basis of the need for exculpatory testimony by a codefendant must show "(1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; [and] (4) that the co-defendant would in fact

4

testify if severance were granted." *United States v. Villarreal*, 963 F.2d 725, 731 (5th Cir. 1992). Bertman has not made that necessary showing. She does not state what Fisch would say on her behalf if he testified, how and why it is exculpatory, or whether he would in fact testify for her if the court granted the severance. Bertman has not shown that this reason is a basis to grant the severance.

Bertman's constitutional argument is also unpersuasive. The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. CONST. amend. VI. In *Bruton*, the trial court admitted into evidence the oral confession of George Bruton's nontestifying codefendant that he and Bruton committed armed robbery together, but instructed the jury not to consider the confession against Bruton. *Bruton v. United States*, 391 U.S. 123, 124–25 (1968). The Supreme Court held that notwithstanding such an instruction, admission of the nontestifying codefendant's extrajudicial statement violated the defendant's confrontation right:

> [T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial. Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect . . . . The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination.

*Id.* at 135–36 (internal citations and footnote omitted). In *Richardson v. Marsh*, 481 U.S. 200 (1987), the Court considered whether *Bruton* applies to a nontestifying codefendant's statement that had been redacted to omit the name of the defendant and all reference to her existence. The Court

distinguished the statement from the "facially incriminating confession" in *Bruton* and concluded that because "the confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial (the defendant's own testimony) . . . it [wa]s a less valid generalization that the jury will not likely obey the instruction to disregard the evidence." *Id.* at 208.

In *Gray v. Maryland*, 523 U.S. 185, 196 (1998), the Supreme Court clarified that merely replacing the defendant's name with a blank space or the word "deleted" implicates *Bruton* because "the inferences at issue . . . involve statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial." With respect to some inferentially incriminating statements,

> the judge's instruction may well be successful in dissuading the jury from entering onto the path of inference in the first place, so that there is no incrimination to forget. In short, while it may not always be simple for the members of a jury to obey the instruction that they disregard an incriminating inference, there does not exist the overwhelming probability of their inability to do so that is the foundation of *Bruton*'s exception to the general rule.

*Marsh*, 481 U.S. at 208.

The Fifth Circuit has concluded that "*Bruton* is inapplicable unless the codefendant's out-of-court statement 'directly incriminates the non-confessing defendant without reference to other, admissible evidence.'" *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998) (quoting *United States v. Espinoza-Seanez*, 862 F.2d 526, 534 (5th Cir. 1988)), *cert denied*, 526 U.S. 117 (1999). The Fifth Circuit has consistently held that *Bruton* is not violated unless a codefendant's statement directly "'alludes to the complaining defendant. . . . This is true, even if the evidence makes it apparent that the defendant was implicated by some indirect reference.'" *United States v.*

*Cartwright*, 6 F.3d 294, 300 (5th Cir. 1993) (quoting *Espinoza-Seanez*, 862 F.2d at 534).

The statements Fisch made to the FBI about Bertman were exculpatory, not inculpatory. And Bertman does not identify any statement from either Fisch or Williams that implicates her, much less directly inculpates her. Nor is *Bruton* implicated by statements admitted under Rule 801(d)(2)(E) if they are not testimonial. No testimonial statement implicating *Crawford* has been identified. *See Crawford v. Washington*, 541 U.S. 36, 53–60 (2004). *Bruton* is not implicated on this record.

The motion for severance is denied.

**V.     The Motions to Disqualify the Entire United States Attorney's Office**

Fisch and Bertman have moved "to disqualify the entire United States Attorney's Office for the Southern District of Texas" based on their intent to call certain Assistant United States Attorneys as character and fact witnesses at trial and because of a purported conflict of interest based on Fisch's dealings with the United States Attorney's office in his capacity as a criminal-defense attorney. (Docket Entry Nos. 136, 137).

"[D]isqualifying an entire United States Attorney's office is almost always reversible error regardless of the underlying merits of the case[.]" *United States v. Bolden*, 353 F.3d 870, 876 (10th Cir. 2003). "[E]very circuit court that has considered the disqualification of an entire United States Attorney's office has reversed the disqualification." *Id.* at 879. "Disqualification cases are governed by state and national ethical standards adopted by the court." *Horaist v. Doctor's Hospital of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001). "An attorney should not call the opposing attorney as a witness unless his testimony is both necessary and unobtainable from other sources." *United States v. Hinson*, No. 93-8698, 1995 WL 313939, at *1 (5th Cir. May 3, 1995) (unpublished) (citing

*United States v. Crockett*, 506 F.2d 759, 760 (5th Cir. 1975)).

Fisch and Bertman have not shown that lawyers in the United States Attorney's office are witnesses necessary to establish any essential facts in this case. *See* Rule 1A, Rules of Discipline, United States District Court for the Southern District of Texas, Local Rules (2000) (adopting Texas Disciplinary Rules of Professional Conduct as the minimum standard of practice); Tex. Disciplinary Rule of Professional Conduct 3.08; ABA Model Rule of Prof'l Conduct 3.7. As the government argues, they can call any of the agents responsible for developing the cases that the United States Attorney's office has prosecuted. To the extent that they desire to call the AUSAs as character witnesses, they have not shown that this testimony is necessary and unobtainable from other sources. The mere fact that Fisch has represented clients with interests adverse to the United States does not create a conflict of interest. *See, e.g.*, *United States v. Zagami*, No. 08-3846, 2010 WL 1006680 (3d Cir. March 19, 2010) (unpublished). Allowing the United States Attorney's office for the Southern District of Texas to prosecute the case will not create an appearance of impropriety. *See FDIC v. United States Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995).

The motions to disqualify counsel are denied.

**VI**     **Conclusion**

The court denies Fisch's motions:

1. for a pretrial hearing, (Docket Entry No. 147);

2. to produce grand jury transcripts, (Docket Entry No. 148);

3. to disclose promises/agreements/benefits made by the government, (Docket Entry No. 149); and

4. to disqualify the United States Attorney's office for the Southern District of Texas, (Docket Entry No. 137).

The court also denies Monica Bertman's motion to disqualify the United States Attorney's office for the Southern District of Texas, (Docket Entry No. 136), and her motion to sever, (Docket Entry Nos. 151, 152).

SIGNED on July 7, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge