IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-11-722 |
| | § | |
| | § | |
| ABRAHAM MOSES FISCH | § | |

**MEMORANDUM AND ORDER**

On Friday July 18, 2014, Norman Silverman, Esq. filed his appearance as counsel for the defendant Abraham Moses Fisch, himself an experienced criminal-defense attorney who had been representing himself since May 29, 2013. Before that, Fisch was represented for almost 18 months by another experienced defense lawyer, Dan Cogdell. Jury selection and trial have been set to begin in this 3-year-old case on August 4, 2014 since February 2014. When Silverman entered his appearance, the final pretrial conference was 9 days away; the trial 17 days away. Four days after filing his appearance, Silverman moved for a 90-day continuance. The government has filed a written response in opposition, and the court held a hearing. Based on the motion and response, the arguments of counsel, the record, and the applicable law, this court denies Fisch's motion for continuance. The reasons are explained in detail below.

**I.     Procedural History**

On October 19, 2011, the government filed a 20-count indictment against Fisch. (Docket Entry No. 1). Two codefendants were also indicted, Fisch's wife, Monica Bertman, and Lloyd Glen Williams. (Docket Entry Nos. 1, 5–7). Williams pleaded guilty on October 26, 2011. (Docket Entry No. 17).

On October 28, 2011, Fisch and Bertman made their initial appearance. (Docket Entry No. 8). Fisch stated that he intended to retain counsel. (Docket Entry No. 47 at 4). The Magistrate Judge found that Bertman was eligible for court-appointed counsel and appointed a federal public defender. (Docket Entry No. 12). On November 3, 2011, Cogdell appeared as counsel for Fisch. (Docket Entry No. 23). Fisch was arraigned and a scheduling and docket control order was entered calling for trial to begin January 9, 2012. (Docket Entry Nos. 30, 31 (the first scheduling order)).

Shortly thereafter, the government filed an unopposed motion to certify the case as complex and a motion for a continuance. (Docket Entry No. 38). On November 23, the court granted that motion and reset the final pretrial conference for May 21, 2012 and jury selection for May 29, 2012. (Docket Entry No. 39 (the second scheduling order)).

On January 24, 2012, the court granted a motion for Paul H. Doyle, Esq. to appear as counsel for Bertman. (Docket Entry No. 45). On March 6, 2012, the government and the defendants filed a joint motion for a 6-month continuance. (Docket Entry No. 53). The court granted that motion and reset the final pretrial conference for November 12, 2012 and jury selection for November 19, 2012. (Docket Entry No. 54 (the third scheduling order)).

On October 11, 2012, Fisch filed an unopposed sealed motion for a continuance. (Docket Entry No. 59). On October 15, 2012, the court granted that motion and reset the final pretrial conference to February 19, 2013 and the trial for February 25, 2013. (Docket Entry No 60 (the fourth scheduling order)).

A month before trial, on January 25, 2013, Fisch filed another sealed motion for a continuance. (Docket Entry No. 61). On January 29, 2013, the court set a hearing on that motion for February 11, 2013. (Docket Entry No. 62). At the February 11, 2013 hearing, the court granted

the motion "with the condition that no further continuances will be granted." (Docket Entry No. 63). The court entered an amended scheduling and docket control order on February 12, 2013. That order reset the final pretrial conference for August 5, 2013, for trial to begin on August 6, 2013. (Docket Entry No. 64 (the fifth scheduling order)). In that order, the court again admonished the parties that "[n]o further continuances will be granted." (*Id.*).

A superceding indictment was filed against Fisch on April 3, 2013. (Docket Entry No. 66). Fisch appeared at the arraignment with his counsel on April 12, 2013. (Docket Entry No. 73). On May 8, 2013, three months from trial, Cogdell filed a motion to withdraw as Fisch's attorney. (Docket Entry No. 74). At a hearing on May 28, 2013, the court granted the motion to withdraw, ordered new counsel to file an appearance by June 17, 2013, and extended all deadlines by 120 days. (Docket Entry No. 76). The court entered a scheduling and docket control order setting a final pretrial conference for January 3, 2014, with trial to begin on January 6, 2014. (Docket Entry No. 77 (the sixth scheduling order)).

On June 17, 2013, the deadline for Fisch to have new counsel file an appearance, the court set a hearing on June 20, 2013 because no appearance had been filed. (Docket Entry No. 78). At that hearing Fisch requested permission to proceed *pro se* for the limited purpose of presenting argument on the government's filing of a *lis pendens* on his home. (Docket Entry No. 79). Fisch argued that the *lis pendens* constituted an impermissible postindictment preconviction seizure of his assets that prevented him from retaining counsel of his choice. The court ordered Fisch and the government to file a brief on the issue by June 25, 2013 and set a hearing for argument on June 27, 2013. (Docket Entry No. 79). At the hearing, (Docket Entry No. 82), the court identified specific issues that needed to be decided to resolve Fisch's motion and set a briefing schedule to address

them. After briefs and added argument, on October 24, 2013, the court denied Fisch's motion for an evidentiary hearing on the forfeiture issue and denied the motion to set aside the *lis pendens*. Fisch was given repeated opportunities to comply with the requirements for an evidentiary hearing on the issues and repeatedly refused or failed to meet those requirements. (Docket Entry No. 105).

On October 24, 2013, less than three months before the January 2014 trial setting, a pretrial conference was held. Fisch decided to continue representing himself for all purposes and orally moved for an eight to twelve month continuance. Despite the earlier admonishment that no more extensions would be granted, the court granted Fisch's motion for a continuance in light of his decision to represent himself to the extent of moving the deadlines by six months. A scheduling and docket control order was entered resetting the final pretrial conference for May 16, 2014, for trial to begin on May 27, 2014. (Docket Entry No. 107 (the seventh scheduling order)).

On January 17, 2014, Fisch filed an opposed motion for another continuance to allow the court to consider his motion for reconsideration on the seizure issue. The court denied Fisch's motion for reconsideration and denied the related motion for a continuance on January 28, 2014. (Docket Entry No. 110).

On February 25, 2014, about three months before the May 27, 2014 trial setting, the court held an interim pretrial conference. At that conference, the government requested a continuance based on conflicting trial schedules. Fisch was unopposed to that continuance. A scheduling and docket control order was entered resetting the final pretrial conference for July 30, 2014, for trial to begin on August 4, 2014. (Docket Entry No. 116 (the eighth scheduling order)).

Meanwhile, Fisch continued to litigate the seizure issue. On April 7, 2014, Fisch filed a motion to stay this case while he pursued an interlocutory appeal from the court's seizure ruling.

(Docket Entry No. 121). The next day, Fisch filed a notice of appeal. (Docket Entry No. 122). Fisch's notice of appeal was filed by Regina Bacon Criswell, Esq. On April 8, 2014, the court held a hearing on the motion to stay pending that appeal, and Fisch represented himself. (Docket Entry No. 123). The court denied the motion. On April 14, 2014, the court entered an amended scheduling and docket control order resetting the final pretrial conference for July 28, 2014 and maintaining the August 4, 2014 trial date. (Docket Entry No. 124 (the ninth scheduling order)).

Fisch continued to represent himself. On June 3, 2014, two months before the trial setting, Criswell, the attorney who had filed Fisch's notice of appeal, entered an appearance on Bertman's behalf. (Docket Entry No. 135). That same day, Criswell filed a motion on seeking to disqualify the entire United States Attorney's office for the Southern District of Texas. (Docket Entry No. 136). Fisch filed the same motion *pro se*. (Docket Entry No. 137).

On June 4, 2014, attorney Paul Doyle moved to withdraw as Bertman's counsel in favor of Criswell. (Docket Entry No. 138). The same day, about two months from the August 4 trial setting, the court held an interim pretrial conference to address several discovery issues that Fisch had raised by motion. (Docket Entry No. 142 (granting in part and denying in part Fisch's motion for discovery (Docket Entry No. 134); and denying two motions to compel (Docket Entry Nos. 128, 130)). The U.S. Attorney's office responded to the motion to disqualify. (Docket Entry No. 144).

On June 19, 2014, Fisch filed four motions: to clarify the court's orders from the June 4 pretrial conference; for a pretrial hearing to determine the existence of a conspiracy; for the transcript of the grand jury minutes, and to require the government to make certain disclosures. (Docket Entry Nos. 146–49). Fisch also withdrew his appeal to the Fifth Circuit on the seizure issue. (Docket Entry Nos. 150). Bertman filed a motion to sever. (Docket Entry No. 151, 152). The court resolved

these motions. (Docket Entry Nos. 155 (mooting the motion to clarify), 162 (denying Fisch's motions for a pretrial hearing, production of grand jury transcripts, certain disclosures, and to disqualify the United States Attorney's office for the Southern District of Texas and denying Bertman's motion to sever and to disqualify the United States Attorney's office )).

On July 16, 2014, less than a month before trial, the government moved to quash subpoenas that Fisch issued. (Docket Entry No. 167). Because trial was so close, on July 17, 2014, the court ordered Fisch to respond by July 21. (Docket Entry No. 168). On Friday, July 18, 2014, Silverman filed a notice of appearance on Fisch's behalf. In that motion, Silverman stated that he would "[r]eview the discovery provided him by Fisch and notify the Court next week as to whether a continuance will be requested, and if so, the length of preparation time necessary to insure effective assistance of Counsel." (Docket Entry No. 170). That day, Silverman "contacted counsel for the government and indicated that he intended to file a motion to continue." (Docket Entry No. 179 at 3).

Silverman did not comply with the court's order that he respond to the motion to quash by July 21 or seek an extension before that deadline expired. The court granted the motion to quash on July 22. (Docket Entry No. 171). Hours after the court entered its order on that motion, Silverman filed a motion for an extension of time to respond to the motion to quash. (Docket Entry No. 172). The court denied the untimely motion for an extension as moot. (Docket Entry No. 173).

Late on July 22, Silverman filed a motion to continue the pretrial conference and trial by 90 days. (Docket Entry No. 175). He generally stated that he needed the three months to obtain discovery from the government, to obtain all files related to all the criminal defendants who would be testifying against their former counsel, Fisch, and to obtain mental-health records for Williams.

Silverman stated that he needed time to interview witnesses, prepare pretrial motions, and reissue the subpoenas that the court had quashed to comply with procedural requirements.

The government responded to the motion to continue, and the court held a hearing. After considering the motion for a continuance, the government's response, the arguments presented at the hearing, and the relevant law, the court denies the motion. The reasons are explained below.

## II. Discussion

### A. The Legal Standard for a Continuance Motion

When a party seeking a continuance "complains of inadequate preparation time," the court considers "(1) the amount of preparation time available, (2) whether the defendant took advantage of the time available, (3) the likelihood of prejudice from a denial, (4) the availability of discovery from the prosecution, and (5) the complexity of the case." *United States v. Atkins*, 746 F.3d 590, 608–09 (5th Cir. 2014) (citing *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007)). The test considers the totality of the circumstances of the case. *Id.* The Fifth Circuit generally upholds "the trial court's decision to deny the continuance, even when we [it] considers the decision to be a harsh one." *United States v. Hughey*, 147 F.3d 423, 431 (5th Cir. 1998); *see United States v. Messervey*, 317 F.3d 457, 461–62 (5th Cir. 2007) ("We review a district court's denial of a continuance for an abuse of discretion, and will order a new trial only where the defendant demonstrates serious prejudice." (citing *United States v. Kelly*, 973 F.2d 1145, 1147–48 (5th Cir. 1992)).

### B. Analysis

Under the five factors the Fifth Circuit considers when reviewing a denial of a motion for a continuance based on the need for more time to prepare, the court concludes that a continuance is not justified.

### 1. Amount of Preparation Time Available and Case Complexity

On a Friday, July 18, 2014, Silverman filed his notice of appearance. This was 9 days before the final pretrial-conference setting and 17 days before the trial setting. The time for *Silverman* to prepare before trial is limited. But, as the government points out, Fisch was represented by experienced defense counsel for 18 months and by himself – also an experienced defense lawyer – for another 14 months. There has been ample time to prepare. That time has been well used to conduct extensive discovery and to litigate vigorously numerous pretrial motions. The limited time available to new counsel is not the critical factor. The extensive work that has been done is. That work means that even though Silverman is new to the case, he will be able effectively to represent Fisch.

Though the case has been designated as complex, it involves two defendants and a simple narrative. The case and the necessary trial-preparation time do not weigh in favor of continuing the case. *See Atkins*, 746 F.3d at 608–09 (finding no abuse of discretion in denial of motion for a continuance where attorney appointed 46 days before trial in a complex case but noting that the preparation time was limited); *compare Lewis*, 476 F.3d 387.

### 2. Whether the Defendant Took Advantage of the Time Available

As the government notes, the court cannot evaluate prospectively whether Silverman will take full advantage of the time that he has to prepare this case. But it is worth noting that Fisch is not a typical defendant. Fisch is a criminal-defense attorney. Fisch can provide assistance to counsel far beyond what is typical.

### 3. The Likelihood of Prejudice from the Denial

The court has granted Fisch multiple continuances that allowed him to develop his case and to obtain counsel if he desired to do so. The fact that he chose to do so this close to trial does not show a basis for additional time. Fisch will not be prejudiced based on the court's denial of the motion for a continuance. Silverman states that he will not be able to obtain discovery from the government. This statement does not recognize that the government has timely complied with many discovery requests from Cogdell and Fisch, and with the numerous discovery orders from this court. Silverman does not identify added discovery, beyond what has already been produced to Fisch, that justifies a continuance. Given the amount of time that Fisch has had to develop his case, Silverman's brief and argument do not justify additional discovery.

Silverman states that he needs additional discovery related to the defendants who are testifying against Fisch. Fisch himself made this argument in the past; extensive discovery has been provided. Considering that most of the criminal defendants who might be called to testify were Fisch's clients, Silverman does not have to look far for the added information he says he needs. The government has produced the information from those defendants required under *Brady*, *Giglio*, *Jencks*, and the rules. Silverman does not explain the relevance or admissibility of the other parts of the files he seeks.

Silverman states that he needs time to obtain Williams's mental-health records. The government has stated that it does not intend to call Williams. Silverman has not explained the admissibility or relevancy of the records. The government's response brief suggests that the mental-health records might not even exist, (Docket Entry No. 176 at 6 n.2 ("Even if Williams were a witness, it is unclear what relevance his mental health records (assuming they exist) would have.")),

and the government has stated in oral argument that its investigation of this case revealed no mental-health records relating to Williams.

Silverman states that he needs time to reissue the subpoenas that the court quashed in compliance with the *Touey* regulations. Compliance with the *Touey* regulations would not alone be sufficient to cure the deficiencies because the subpoenas also violated Federal Rule of Criminal Procedure 17. Additionally, Fisch was sent a letter on July 3 telling him that he needed to comply with the *Touey* regulations. The government waited 14 days after that before moving to quash the subpoena. It is now July 24, and the regulations have still not been followed.

Finally, Silverman states that he needs three months to interview witnesses and prepare added pretrial motions. Cogdell, then Fisch, had ample time to complete the discovery and file motions needed for the case. The court has granted multiple continuance motions. From the beginning of Fisch's decision to represent himself, the court advised him to obtain counsel. Two weeks before trial, Fisch did so, and that lawyer's first act was to move for a continuance.

The court finds that the motion for a continuance will cause unnecessary delay. Given how long this case has been pending, Fisch's criminal-defense background, and the fact that Fisch ably litigated his case over the proceeding months, the court concludes that the prejudice factor weighs heavily in favor of denying the continuance.

### 4. The Availability of Discovery From the Prosecution

The government has acknowledged and followed the requirements of *Brady*, *Giglio*, and *Jencks*, and the rules. The court has applied a generous standard in ordering the production of materials to Fisch, well beyond what *Brady*, *Giglio*, *Jencks*, and the rules require. The government has produced Rule 16 discovery, *Jencks* materials, witness statements, transcripts, wire-tap

recordings, and much of Williams's FBI files. The government has abided by the court's discovery orders. This factor weighs in favor of the denying the motion.

### III. Conclusion

The motion for a continuance is denied. This Memorandum and Opinion supplements, but does not replace, the explanations that the court gave for its denial of the motion from the bench at the July 24, 2014 hearing.

SIGNED on July 25, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge