IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § § | CRIMINAL  NO. H-11-722 |
| ABRAHAM MOSES FISCH | § | |

**ORDER**

On July 29, 2014, nonparty Vanessa Windham moved to modify a subpoena that the defendant Abraham Moses Fisch issued. The Commission for Lawyer Discipline ("CLD"), a standing committee of the State Bar of Texas, filed a disciplinary action against Fisch. Windham represents the CLD. Fisch's disciplinary proceeding is stayed in state district court pending the outcome of this criminal case.

Fisch has subpoenaed Windham seeking:

> All documents, e-mails, phone records, notes, or other records which relate in any respect to the grievance filed by Umawa O. Imo against Abraham M. Fisch with the State Bar of Texas.

(Docket Entry No. 198 at 1). Windham has complied to the extent the subpoena seeks nonprotected and nonprivileged materials. On Wednesday, July 23, 2014, Windham forwarded over 200 pages of documents and 9 emails including attachments. This production included:

1. All correspondences between Imo and the State Bar of Texas;

2. All correspondences between the State Bar of Texas and Fisch (or his counsel);

3. Copies of pleadings filed in the Fisch disciplinary action;

4. Copies of court documents filed in *U.S. v. Imo*, Case No. H-09-426ss in the Southern District of Texas.

  5. Copies of court documents filed in *United States v. Fisch*, Case No. H-11-722 in the Southern District of Texas.

(*Id.* at 3).  Windham, however, has not submitted four categories of responsive documents:

  1. 18 emails among and between State Bar of Texas attorneys and between State Bar of Texas attorneys and their nonlawyer staff, including their investigator. Windham represents that eleven of the emails contain the mental impressions, opinions, conclusions, and legal theories of State Bar of Texas attorneys or their representatives. Six emails include ordinary attorney work product and attorney opinions. One email included ordinary attorney work product.

  2. Windham's notes;

  3. The five-page report prepared by the State Bar of Texas's investigator at the direction and request of State Bar of Texas attorneys; and

  4. Case summaries and case tracking forms which contain both administrative processing information and analysis by State Bar of Texas attorneys.

(*Id.* at 4). Windham also represents that no attorney memoranda have yet been drafted but would be subject to Fisch's subpoena.

  Windham moved to modify the subpoena to exclude the four categories of information from production as well as any attorney-prepared memoranda that might fall within the scope of Fisch's subpoena.

  Federal law protects attorney work product from disclosure in both civil and criminal cases. *Hickman v. Taylor,* 329 U.S. 495, 510–11 (1947); *United States v. Nobles*, 422 U.S. 225, 236 (1975); FED. R. CRIM. P. 16(b)(2); FED. R. CIV. P. 26(b)(3).  Because Fisch has been provided with the "raw material" evidence and substantive evidence that he requested, the court grant's Windham's motion to modify the subpoena and excludes the above four categories of information and attorney memoranda from the subpoena as protected attorney work product.

The motion to modify the subpoena is granted (Docket Entry No. 198).

SIGNED on July 31, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge