# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-11-722 |
| | § | |
| | § | |
| ABRAHAM MOSES FISCH, *et al.* | § | |

## MEMORANDUM AND OPINION

This memorandum and opinion addresses Monica Bertman's motion for severance, (Docket Entry Nos. 242, 246); Bertman's and Abraham Moses Fisch's motions to strike surplusage from the indictment, (Docket Entry Nos. 239, 241); Michael Hinton's motion to quash a subpoena seeking documents from him as counsel of record for Lloyd Williams, a codefendant in this case, (Docket Entry No. 201); and Fisch's notice of potential conflict as to Hinton, (Docket Entry No. 191). Based on a careful review of the motions and responses, the record, and the applicable law, the court: denies the motion for severance and the motions to strike portions of the indictment; grants the motion to quash; and finds no conflict, either actual or potential, in Hinton's representation of Williams. The reasons for these rulings are explained below.

## I.     The Motion for Severance

Bertman previously moved for severance, and the court denied her motion. (Docket Entry Nos. 151, 152, 162). Bertman has filed another motion for severance, primarily focusing on the spillover effect of the evidence that will be introduced against Fisch and on her asserted need for Fisch's testimony. (Docket Entry Nos. 242, 246).

"Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995) (citing *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976)). Under Federal Rule of Criminal Procedure 8(b), joinder of defendants is appropriate if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "Defendants named in the same indictment should generally be tried together, particularly when they are allegedly members of a conspiracy." *United States v. Booker*, 334 F.3d 406, 415 (5th Cir. 2003) (citing *United States v. Manges*, 110 F.3d 1162, 1174 (5th Cir. 1997)). However, "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). "A general description of complexity or antagonistic defenses is not sufficient to show the 'specific and compelling prejudice'" necessary for severance. *Booker*, 334 F.3d at 415.

Disparity in the evidence against one defendant as compared to another is not in itself generally a basis for severance, particularly in a conspiracy case. *See United States v. Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994). A "spillover effect, by itself, is an insufficient predicate for a motion to sever." *United States v. Bieganowski*, 313 F.3d 264, 287 (5th Cir. 2002); *see also United States v. Lewis*, 476 F.3d 369, 384 (5th Cir. 2007). Severance is required on the basis of spillover effect only in the most extreme cases. *United States v. Rocha*, 916 F.2d 219, 228–29 (5th Cir. 1990).

The court's previous memorandum and order found that the discrepancy in evidence against Bertman as compared to Fisch, and Bertman's concern about a spillover effect from the evidence against Fisch, did not warrant severance. (Docket Entry No. 162). Bertman has not presented

additional information or arguments to support this basis for severance. The court will, of course, give the jury robust instructions on the importance of considering the charges and evidence against each defendant separately. The court once again finds that the disparity in evidence and the risk of a spillover effect are insufficient under the applicable law for severance.

Bertman also reurges her argument that a joint trial will deprive her of Fisch's favorable testimony. A defendant seeking severance on the basis of exculpatory testimony by a codefendant must show: "(1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; [and] (4) that the co-defendant would in fact testify if severance were granted." *United States v. Villarreal*, 963 F.2d 725, 731 (5th Cir. 1992). "After such a showing, the court must consider: 1) the significance of the alleged exculpatory testimony in relation to the defendant's theory of defense, 2) the extent to which the defendant might be prejudiced by the absence of the testimony, 3) judicial administration and economy, and 4) the timeliness of the motion." *United States v. Ramirez*, 954 F.2d 1035, 1037 (5th Cir. 1992) (citing *United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir.), *cert. denied*, 449 U.S. 830 (1980)).

The court previously found that Bertman had not shown that Fisch's possible testimony met these requirements because she had not stated that Fisch would in fact testify on her behalf if severance were granted, what testimony Fisch would offer, or how that testimony would be exculpatory. Bertman supports her renewed motion with an affidavit from Fisch stating that he would testify on her behalf if the cases were severed. He also states in his affidavit that he would testify that Bertman had no involvement in his law practice or with his clients; that she had not previously met Elida Sanchez, a government witness; that she "was never a party to any alleged

3

conspiracy, as claimed by the Government"; and that she "did not commit the crime of Obstruction of Justice, as claimed by the Government." (Docket Entry No. 246, Ex. 1).

The proposed testimony that Bertman was not a party to a conspiracy and did not obstruct justice is inadmissible and not exculpatory. *See United States v. Espino-Rangel*, 500 F.3d 398, 400 (5th Cir. 2007). Conclusory assertions of a codefendant's noninvolvement in a conspiracy are not sufficiently exculpatory to warrant separate trials. *See United States v. Nutall*, 180 F.3d 182, 187 (5th Cir. 1999) ("The substance of [the codefendant's] proposed testimony provided, at best, 'unsupported self-serving statements that were only tangentially exculpatory.'" (quoting *United States v. Daly*, 756 F.2d 1076, 1080 (5th Cir. 1985)); *United States v. Tencer*, 107 F.3d 1120, 1133 (5th Cir. 1997) (the "proposed testimony as to [the defendant's] lack of knowledge about the scheme to defraud consists of conclusory allegations and contains no specific facts that would exonerate him"); *United States v. Broussard*, 80 F.3d 1025, 1037–38 (5th Cir. 1996) (the "proffer of testimony amounts to little more than a bare, conclusory allegation" that the defendant was unaware of the conspiracy, and lacked "specific and exonerative facts" supporting it).

Other proposed testimony is not exculpatory. The government's theory of guilt is not based on Bertman's involvement in Fisch's law practice or on Bertman's prior interactions with Sanchez, but on Bertman's own recorded statements when she talked to Sanchez. "A codefendant's proposed testimony lacks credibility when it does not contravene his own penal interests." *Tencer*, 107 F.3d at 1133 (citing *United States v. DeSimone*, 660 F.2d 532, 540 (5th Cir. 1981), *cert denied*, 456 U.S. 928 (1982)). Fisch's proposed testimony does not offer specific and exonerative facts to refute the government's evidence and does not contradict his own penal interest. Bertman has not shown that the substance of Fisch's proposed testimony provides a basis for granting severance. Given the

4

extensive delays in this case, further delay if the trials were to be held separately adds to the considerable risks of losing witnesses and evidence.

Bertman also argues that a joint trial would prejudice her right to remain silent if Fisch testifies at a joint trial and she does not. In *De Luna v. United States*, 308 F.2d 140, 142 (5th Cir. 1962), the Fifth Circuit addressed a case in which one defendant testified, implicating the nontestifying codefendant. The testifying defendant's counsel repeatedly emphasized the nontestifying defendant's silence in closing argument. *Id.* at 143. The Fifth Circuit reversed the district court's denial of severance based on the "head-on collision between the two defendants, the repetition of the comments, and the extended colloquy over the comments between the trial judge and the lawyers." *Id.* at 154. *De Luna*'s holding has been limited to situations in which codefendants tried together assert mutually exclusive or irreconcilably antagonistic defenses. *See United States v. Sandoval*, 847 F.2d 179, 183 (5th Cir. 1988) (holding that severance is justified only when the defenses are "antagonistic to the point of being mutually exclusive or irreconcilable, so that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other"); *see also United States v. Sandoval*, 913 F. Supp. 498, 500–01 (S.D. Tex. 1995) (collecting cases). The record provides no basis for the court to conclude that Bertman and Fisch will assert antagonistic, mutually exclusive, and irreconcilable defenses, so as to require severance. And the court will instruct the jury that no inference can be drawn from a defendant's decision not to testify.

Because the record does not show that severance is justified, Bertman's motion to sever is denied.

**II.     The Motions to Strike Surplusage in the Superseding Indictment**

Allegations in an indictment that are unnecessary to prove the crime charged and that are "irrelevant, inflammatory, and prejudicial" may be stricken as surplusage. FED. R. CRIM. P. 7(d); *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993); *United States v. Miller*, 471 U.S. 130, 136–37 (1985). The standard is strict. Courts "rarely grant[ ] such a motion." *United States v. Solomon*, 273 F.3d 1108, at *1 (5th Cir. 2001) (unpublished) (citing *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971); *United States v. Oakar*, 111 F.3d 146, 157 (D.C. Cir. 1997)); *see also* 1 Charles Alan Wright, FEDERAL PRACTICE & PROCEDURE § 127, at 635–339 (3d ed. 1999) ("[A] motion to strike surplusage should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. This is a rather exacting standard, and only rarely has surplusage been ordered stricken.").

When an allegation in an indictment is "sufficiently relevant to the charged offense, the court should not strike it, no matter how prejudicial it may be." *Solomon*, 273 F.3d 1108, at *1; *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990). Allegations in an indictment that do not describe an element of the charged offense may nonetheless be relevant. *Id.*

Bertman and Fisch move to strike the following paragraph in the indictment:

> A common and well-accepted law enforcement technique is for the government to offer a member of a criminal conspiracy the opportunity to cooperate with, and provide information to, the government, and this information is then used to investigate and prosecute other members of the conspiracy. No defendant must pay the government for the opportunity to cooperate. Rather, in exchange for a defendant's cooperation and truthful information, the government often requests at the time of sentencing that the cooperating defendant receive a reduced sentence. Whether to follow the government's recommendation and impose a reduced sentence is in the sole discretion of the sentencing judge.

(Docket Entry No. 66, at 2–3).

Bertman and Fisch are charged with conspiracy "to corruptly endeavor to influence, obstruct and impede the due administration of justice" in violation of 18 U.S.C. § 1503. The paragraph provides background information on the typical cooperation process and is relevant to the manner of the defendants' alleged obstruction. The language is relevant and neither inflammatory nor prejudicial.

The defendants also ask the court to strike references to their aliases or former names. Bertman objects to the superseding indictment's reference to "Marsha Bertman," her birth name; the last names "Zaluska" and "Pavlovich," which she used during previous marriages; and the first name "Monica," which she asserts she has never used. Fisch objects to references to "Anthony Fisch," his birth name. Both argue that they did not use these names when the alleged offenses were committed, and that including these names could "unduly suggest to the jury" that they are "inherently suspicious and shadowy" people. (Docket Entry No. 239 at 4; Docket Entry No. 241 at 5).

Fisch and Bertman do not deny that they or others have used the names listed in the indictment. Potential witnesses in the case know them as, and have referred to them by, those names. In similar circumstances, courts have denied motions to strike names the defendants previously used. *See United States v. Rhines*, 143 F. App'x 478, 485 (3d Cir. 2005) (the district court did not err in denying a motion to strike aliases from indictment when others knew the defendant by those names and there was "reason to believe they might be used by witnesses at trial to identify the defendant"); *United States v. Roman*, 210 F.3d 377 (7th Cir. 2000) ("We have held that the government may introduce evidence of a defendant's alias where the evidence 'aids in the

identification of the defendant or in some other way directly relates to the proof of the acts charged in the indictment.'" (quoting *United States v. Williams*, 739 F.2d 297, 299 (7th Cir. 1984)); *United States v. Candelaria-Silva*, 166 F.3d 19, 33 (1st Cir. 1999) (aliases are proper in an indictment if they will be part of the government's proof at trial). When, as here, the additional names help establish and clarify each defendant's identity, including the names is proper. *See United States v. Reeves*, 892 F.2d 1223, 1228 (5th Cir. 1990) (recognizing that the "identity of the participants" in a conspiracy is relevant); *United States v. Williams*, 158 F. App'x 651, 655 (6th Cir. 2005) ("as long as the alias assists in identifying the defendant, it is relevant and admissible").

The motions to strike the names are denied. The court notes, however, that the question of whether to strike language from the indictment is separate from the issue of whether the indictment should be redacted before it is given to the jury. *See United States v. Harriston*, 329 F.3d 779, 792 (11th Cir. 2003) (suggesting redaction as a curative measure when trial witnesses do not make reference to an alias). The defendants may seek redaction at trial if the record supports such a motion.

### III.    The Motion to Quash the Subpoena of Hinton

Michael Hinton, counsel for Lloyd Williams, a codefendant who has pleaded guilty, moved to quash a subpoena that sought documents from him as Williams's counsel. (Docket Entry No. 201). Fisch issued the subpoena and filed a notice of potential conflict as to Hinton, asserting that his representation in 2002 and 2005 of a government witness in this case, Michael Goodson, makes his representation of Williams improper. (Docket Entry No. 191). Hinton responded in detail to the notice of potential conflict, (Docket Entry No. 200), and moved to quash the subpoena, (Docket Entry No. 201). The court has given Fisch ample time to respond.

In his response to the motion to quash, Fisch reiterates his opposition to the government's earlier motion to quash subpoenas of Bureau of Prison facilities. (Docket Entry Nos. 167, 236). He responds to Hinton's motion to quash only by saying that "Hinton's Motion to Quash (Dkt. No. 201) does not properly address the issue as to whether the subpoena in question is appropriate and should also be denied in conjunction with the Government's motion to quash." (Docket Entry No. 236 at 11). The court granted the government's motion to quash in July 2014, and denied Fisch's motion to extend the time to respond, which he filed after the court's deadline for his response had passed and after the court had ruled on the motion. (Docket Entry Nos. 171, 172, 173). Fisch has presented no basis for the court to change its ruling on the government's motion to quash. In his response to the notice of potential conflict, Hinton informed the court that his firm had some early and preliminary contact with Goodson but declined to represent him once he was charged. (Docket Entry No. 201, Ex. A). The court finds and concludes that Hinton's limited contact with Goodson is insufficiently related to the present case to give rise to either an actual or potential conflict.

The subpoena is quashed because the record does not show that the documents Fisch seeks are evidentiary, relevant, and admissible, and because compliance would be unreasonable. *See* FED. R. CRIM. P. 17.

### IV. Conclusion

The motion for severance and the motions to strike surplusage from the indictment, (Docket Entry Nos. 239, 241, 242, 246), are denied. The motion to quash the subpoena on Michael Hinton, counsel of record for codefendant Williams, (Docket Entry No. 201), is granted. The court finds that

there is no actual or potential conflict in Hinton's representation of Williams based on Hinton's contact with Goodson.

SIGNED on January 8, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge