IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § § | CRIMINAL NO. H-11-722 |
| LLOYD GLEN WILLIAMS | § | |

**MEMORANDUM AND ORDER DENYING MOTION TO STAY**

Lloyd Williams pleaded guilty in October 2011. His codefendants are scheduled to begin trial the week of April 20, 2015. The government has stated that it does not intend to call Williams as a witness in that trial.

In March 2015, Williams moved to withdraw his plea. The court held several hearings at which counsel presented arguments on the briefs, affidavits, and documents submitted and the court reviewed in detail the factors set out in *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984). The court found and concluded that the *Carr* factors weighed decisively against granting the motion to withdraw.

Williams has now moved to stay the trial of his codefendants. (Docket Entry No. 296). He has filed a petition for a writ of mandamus with the Fifth Circuit, challenging this court's denial of his motion to withdraw his guilty plea. (Docket Entry No. 293). He argues that a stay is necessary because, if the Fifth Circuit issues a writ of mandamus, a second trial will be necessary.

In considering a motion to stay a trial pending a petition for writ of mandamus, courts consider the moving party's likelihood of success on the merits of the mandamus action, the threat of irreparable harm if a stay is not granted, the possibility of harm to others if the stay is granted, and

1

the public interest in granting the stay. *See Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (applying these factors to the question whether the Fifth Circuit should grant a stay pending appeal); *Cilluffo v. Cent. Refrigerated Servs., Inc.*, No. EDCV 12-00886 VAP, 2013 WL 3508410, at *2 (C.D. Cal. Mar. 11, 2013); *Wheeler v. Shapero*, No. 12-10964, 2012 WL 917813, at *1 (E.D. Mich. Mar. 14, 2012); *Sloan v. BorgWarner, Inc.*, No. CIV. 09-CV-10918, 2009 WL 2524750, at *2 (E.D. Mich. Aug. 14, 2009); *United States v. Clarke*, 628 F. Supp. 2d 1, 10 (D.D.C. 2009); *United States v. Engstrum*, No. 2:08-CR-430 TS, 2009 WL 2338350, at *1 (D. Utah July 29, 2009); *Citizens for Responsibility & Ethics in Washington v. Cheney*, 580 F. Supp. 2d 168, 177 (D.D.C. 2008).

The standards for granting a mandamus writ are strict, particularly when, as here, it would in effect provide an interlocutory appear that is not otherwise available. *See United States v. Goddard*, 638 F.3d 490, 493 (6th Cir. 2011). Denying a stay and proceeding with the trial as scheduled would not prejudice William. He has not shown why he would be harmed if he were tried separately from his codefendants. Granting the motion to stay and postponing this already long-delayed trial would significantly prejudice other parties and harm the public's interest.

Because all the relevant factors weigh heavily against granting a stay, it is denied.

SIGNED on April 9, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge