**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| VS. | § | CRIMINAL  NO. H-11-722 |
| | § § | |
| ABRAHAM MOSES FISCH | § § | |

**ORDER**

Abraham Moses Fisch has moved for a postverdict judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure.  He argues that the verdict was manifestly against the evidence presented at trial.  (Docket Entry No. 401).

The jury convicted Fisch of obstructing justice and conspiring to obstruct justice, laundering money and conspiring to launder money, and failing to file a timely tax return, as charged in Counts 1 to 3, 5 to 13, and 16 to 21 of the superseding indictment. Viewing the trial evidence in the light most favorable to the government, a rational jury could have found Fisch guilty as to each count of conviction, beyond a reasonable doubt.  *See United States v. Ford*, 558 F.3d 371, 375 (5th Cir. 2009).  The evidence was clearly sufficient to support the verdicts.

In the indictment, the government listed Fisch's house for forfeiture under 18 U.S.C. § 981 and 28 U.S.C. § 2461 as representing proceeds traceable to the charged crimes.  (Docket Entry No. 1).  The government recorded a *lis pendens* on the property in the Harris County, Texas real property records.  Fisch argues that the lien prevented him from either selling or refinancing his house.  He argues that he is entitled to a new trial because the court violated his Sixth Amendment right to the

counsel of his choice when it denied his request to lift the *lis pendens* on his home, effectively preventing him from using the equity to hire an attorney of his choice. (Docket Entry No. 401 at p. 3). Fisch argues that the court erred in requiring him to show that he lacked sufficient assets to retain the counsel of his choice before holding an evidentiary hearing on whether the house and the equity in it were traceable to the crimes charged. (*Id.*).

In each of the cases that Fisch cites to support his argument, the court required the defendant to make a minimum evidentiary showing of insufficient alternative assets to hire counsel before holding the kind of hearing he requested. *See United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013); *United States v. Farmer*, 274 F.3d 800, 804 (4th Cir. 2001); *United States v. Jones*, 160 F.3d 641, 648 (10th Cir. 1998). "This [showing] requires more than a mere recitation; the defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice." *Bonventre*, 720 F.3d at 132. Fisch did not come close to satisfying that requirement.

Fisch did not supply an adequate financial affidavit in support of his hearing request. For example, the scant information he did supply, after initially refusing entirely and after extensive delays, did not indicate whether his law practice—which continued—generated income, did not show his net worth or living expenses, and did not state whether he had other financial accounts or assets. The information did show that Fisch had assets of almost $200,000. Despite repeated and ample opportunities to provide more information, as required before an evidentiary hearing on whether he was entitled to a release of the *lis pedens*, Fisch failed or refused to do so. This basis for a new trial lacks merit. And it is worth noting that Fisch did hire experienced and able counsel, who he found and chose, and who vigorously defended him at trial.

2

Finally, Fisch claims that the court erred in giving the jury a deliberate ignorance instruction. A deliberate ignorance instruction is appropriate when the evidence at trial raises two inferences: "'(1) the defendant was subjectively aware of a high probability of the existence of illegal conduct; and (2) the defendant purposefully contrived to avoid learning of the illegal conduct.'" *United States v. Mendoza-Medina*, 346 F.3d 121, 132–33 (5th Cir. 2003) (quoting *United States v. Lara-Velasquez*, 909 F.2d 946, 951 (5th Cir. 1990)).

At trial, Fisch testified that he paid Lloyd Williams, a codefendant who pleaded guilty to conspiracy to obstruct justice, $700,000 of a client's money to affect the outcome of a federal criminal prosecution pending against that client. Fisch testified that Williams concealed the details of the scheme from him and that he did not investigate what Williams did with the money. Several witnesses testified that Fisch solicited and signed up clients indicted for federal crimes that exposed them to significant sentences. The witnesses testified that Fisch told them to fire their existing lawyers, hire him, and keep that fact hidden from their former lawyers. The witnesses also testified that Fisch told his clients to pay him large amounts of money up front that he and Lloyd Williams would use to pay United States government officials so that the officials would arrange to have the indictments dismissed or the prosecutions otherwise ended on terms favorable to the defense.

Fisch testified that he believed the payments were legitimate and that any illegal act was done without his intent or knowledge. In other words, he too was a victim. The verdict shows that jury did not credit Fisch's testimony. Ample evidence showed that Fisch was subjectively aware that he was participating in illegal conduct and at least purposefully contrived to avoid learning more. There was no error in giving the deliberate ignorance instruction.

The Rule 29 motion, (Docket Entry No. 401), is denied.

SIGNED on August 10, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge