United States District Court
Southern District of Texas
**ENTERED**
January 20, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-11-722 |
| | § | |
| ABRAHAM MOSES FISCH | § | |

**ORDER**

The following motions are pending:

- Spring Branch Independent School District and the City of Houston moved to sue in state court. (Docket Entry No. 502). The government is opposed. (Docket Entry No. 538).

- Malkah Bertman, the Bank of the Ozarks, and the Harris County Taxing Authorities moved under 21 U.S.C. § 853(n). (Docket Entry Nos. 509, 511, 515).

- Malkah Bertman moved for discovery. (Docket Entry No. 543).

Abraham Fisch's sentence includes the forfeiture of $1.15 million. The government is seeking substitute-asset forfeiture of Fisch's residence at 9202 Wickford Drive in Houston, Texas to cover any deficiency. (Docket Entry Nos. 470–71). Fisch has appealed the conviction and sentence to the Fifth Circuit. (Docket Entry No. 473).

**I.    The Motion to Proceed in State Court**

Section 853(k) of Title 21 provides that no party claiming an interest to forfeited property may "commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section." Based on that language, the circuit courts

1

have held that an ancillary proceeding under § 853(n) is "the *only* avenue for a post-indictment third-party claim to forfeited property." *De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006) (collecting cases); *see also Libretti v. United States*, 516 U.S. 29, 44 (1995) ("Once the Government has secured a stipulation as to forfeitability, third-party claimants can establish their entitlement to return of the assets only by means of the hearing afforded under 21 U.S.C. § 853(n).").

The motion to sue in state court, (Docket Entry No. 502), is denied.

## II.     The Motions Under 21 U.S.C. § 853(n)

A third party must petition the court "for a hearing to adjudicate the validity of his alleged interest the property." 21 U.S.C. § 853(n)(2). The hearing should take place within 30 days of the filing of the petition, "to the extent practicable." *Id.* § 853(n)(4).[1] Although the statute is silent on prehearing procedures, the Federal Rules of Criminal Procedure provide that "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason," taking the facts in the petition to be true. FED. R. CRIM. P. 32.2(c)(1)(A). In addition, "[a]fter disposing of any motion [to dismiss] and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure . . . ." *Id.* 32.2(c)(1)(B). "When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56." *Id.*

---

[1] At the hearing, the petitioner must show, by a preponderance of the evidence, that

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section[.]

21 U.S.C. § 853(n)(6).

No prehearing motions have been filed, other than the petitions claiming an interest in the property. The government's interest in property subject to forfeiture vests "upon commission of the act giving rise to forfeiture." 21 U.S.C. § 853(c). Fisch was convicted of conspiring beginning in 2006, which is when the government's interest vested. *See, e.g.*, *United States v. Valentin-Acevedo*, — F. App'x —, 2015 WL 5061805 (1st Cir. Aug. 28, 2015).

The Bank of the Ozarks and the Taxing Authorities have liens on the property and allege an interest in the property on that basis. Bertman contributed money to purchase the property during her marriage to Fisch, and the property is her homestead. *But see United States v. Fleet*, 498 F.3d 1225, 1229 (11th Cir. 2007) ("Congress did not say that some or most substitute property could be forfeited, but instead said that 'any' of it could be, up to the value of the missing assets that were used to facilitate, or were derived from, the crime. There is no stated exception for homestead or entireties property.").

A status conference on the petitions is set for **February 8, 2016, at 4:00 p.m. in Courtroom 11-B.** The issues the parties must be prepared to address at the conference include: whether the government intends to file motions to dismiss; whether and to what extent the parties seek discovery; whether the parties seek an evidentiary hearing; and whether any forfeiture order should be stayed pending appeal.

SIGNED on January 20, 2016, at Houston, Texas.

                                                Lee H. Rosenthal
                                          United States District Judge