IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. H-11-722 |
| § | |
| ABRAHAM MOSES FISCH § | |

**MEMORANDUM AND ORDER**

In October 2015, the court sentenced the defendant, Abraham Moses Fisch, to 180 months in prison, (Docket Entry No. 467), and ordered that he forfeit $1.15 million to the United States, including substitute-asset forfeiture of his residence at 9202 Wickford Drive to cover any deficiency, (Docket Entry No. 470–71). Under 21 U.S.C. § 853(n), the Bank of the Ozarks, various Harris County taxing authorities, Spring Branch Independent School District and the City of Houston, and Fisch's wife, Malkha Bertman, "petition[ed] the court for a hearing to adjudicate the validity of [their] alleged interest[s] in the property." (Docket Entry Nos. 502, 509, 511, 515, 552).

"A third party can prevail in the ancillary proceeding in one of two ways: (1) it can establish priority over the interest of the United States by showing that it had an interest in the property superior to the defendant's interest at the time the defendant committed the crime, 21 U.S.C. § 853(n)(6)(A); or (2) it can establish that it was a bona fide purchaser for value of the property, and, at the time of purchase, had no reason to believe that the property was subject to forfeiture, *id.* at § 853(n)(6)(B)." *United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 684 (5th Cir. 2013). Although the federal criminal-forfeiture statute is silent on prehearing procedures, the

Federal Rules of Criminal Procedure provide that "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason," taking the facts in the petition to be true. FED. R. CRIM. P. 32.2(c)(1)(A). In addition, "[a]fter disposing of any [motion to dismiss] and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure." *Id.* 32.2(c)(1)(B). "When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56." *Id.* "When the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." *Id.* 32.2(c)(2).

In February 2016, the court held a status conference and entered a scheduling order for the ancillary proceeding. (Docket Entry Nos. 558, 560). Bertman moved for summary judgment, (Docket Entry No. 571). The United States moved for an interlocutory sale of the property, *see* FED. R. CRIM. P. 32.2(b)(7), or, in the alternative, for an order that, to "protect the interest of the United States in the property ordered forfeited," 21 U.S.C. § 853(g), Bertman insure the property and pay delinquent taxes and the interest accruing on the Note to the Bank of the Ozarks, (Docket Entry No. 576). In May 2016, the court heard oral argument from counsel on these motions and took them under advisement. (Docket Entry No. 586). The court also ordered the parties to file updated information on the specific amounts of money owed on the property and on how to calculate the effect of the taxes and other debts on Bertman's and the United States's interests.

The United States does not dispute that Bertman has an undivided one-half interest in the property. *See United States v. Elashi*, 789 F.3d 547, 549 (5th Cir. 2015) ("Texas is a community property state. . . . All property that the spouses possess during their marriage is presumed to be

2

community property, and each spouse has an undivided, one-half interest in all community assets." (citations omitted)). Nor does the United States dispute that both the Bank of the Ozarks, as the mortgagee, and the taxing authorities have superior interests in the property. *See* 21 U.S.C. § 853(n)(6)(A). The United States asserts that Fisch and Bertman are each personally liable for one-half of the taxes and mortgage owed. In the event of sale, the United States contends that the delinquent taxes and mortgage payments should be paid out of the gross proceeds. The remaining amount will be split in half, with one half going to Bertman and the other half going to the United States to satisfy Fisch's substitute-assert forfeiture judgment. (Docket Entry No. 585 at p. 3 n.3).

The Federal Rules of Criminal Procedure clearly provide for the interlocutory sale that the Government seeks. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." FED. R. CRIM. P. 32.2(b)(7). Under Supplemental Rule G(7) of the Federal Rules of Civil Procedure, the United States must show that

(A)  the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;

(B)  the expense of keeping the property is excessive or is disproportionate to its fair market value;

(C)  the property is subject to a mortgage or to taxes on which the owner is in default; or

(D)  . . . good cause.

It is undisputed that "the property is subject to a mortgage" and "to taxes on which the owner is in default." It is also undisputed that the "property is perishable or at risk of deterioration, decay, or injury." Bertman has vacated the property and has not insured it. The United States's motion for

interlocutory sale is granted. (Docket Entry No. 576).

Fisch, however, has appealed his convictions and sentence to the Fifth Circuit. (Docket Entry No. 479). The appeal is pending. Under Federal Rule of Criminal Procedure 32.2(d), the court "may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record." After the interlocutory sale, the Government must deposit the net-sale proceeds into the registry of the court until the decision on appeal becomes final. *See, e.g.*, *United States v. Smith*, No. 08-cr-31, 2010 WL 4962917, at *2 (E.D. Ky. Dec. 1, 2010) ("[I]f the properties are sold, the government could ultimately reimburse Defendants for any value of real property improperly forfeited if Defendants ultimately succeed on their appeal and the forfeiture order is vacated.").

Bertman moves for summary judgment on the grounds that the Texas Constitution precludes any substitute-asset forfeiture because the Wickford property is her homestead. Courts have rejected similar arguments, because federal law preempts state law, and because "Congress did not say that some or most substitute property could be forfeited, but instead said that 'any' of it could be, up to the value of the missing assets that were used to facilitate, or were derived from, the crime. There is no stated exception for homestead or entireties property." *United States v. Fleet*, 498 F.3d 1225, 1229 (11th Cir. 2007); *see also United States v. Lot 6 Block 4 Lakewood Oak Estates*, 260 F. App'x 699, 700 (5th Cir. 2007) (per curiam); *United States v. Curtis*, 965 F.2d 610, 616 (8th Cir. 1992) ("[T]he federal forfeiture statute, § 853(a), clearly superseded the homestead exemption set forth in Iowa Code § 561.16.").

The motions for an adjudication of interests in the property and to amend the petition for adjudication, (Docket Entries No. 515 and 552), are granted.

Bertman's motion for summary judgment is denied. (Docket Entry No. 571). The United States's motion for interlocutory sale is granted. (Docket Entry No. 576). The motion to stay the ancillary proceeding is denied, for the reasons stated at length on the record at the May 2016 motion hearing. (Docket Entry No. 577).

No later than September 23, 2016, the parties must submit a proposed order of interlocutory sale consistent with this Memorandum and Order.

SIGNED on September 8, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge