United States District Court
Southern District of Texas
**ENTERED**
October 11, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-11-722 |
| | § | |
| | § | |
| ABRAHAM MOSES FISCH | § | |

**MEMORANDUM AND ORDER DENYING
MOTION FOR RECONSIDERATION**

**I.      Background**

In October 2015, the court sentenced the defendant, Abraham Moses Fisch, to 180 months

in prison, (Docket Entry No. 467), and ordered that he forfeit $1.15 million to the United States,

including substitute-asset forfeiture of his residence at 9202 Wickford Drive to cover any deficiency,

(Docket Entry No. 470–71).   Under 21 U.S.C. § 853(n), the Bank of the Ozarks, various Harris

County taxing authorities, Spring Branch Independent School District and the City of Houston, and

Fisch's wife, Malkha Bertman, "petition[ed] the court for a hearing to adjudicate the validity of

[their] alleged interest[s] in the property."  (Docket Entry Nos. 502, 509, 511, 515, 552).

In February 2016, the court held a status conference and entered a scheduling order for the

ancillary proceeding.   (Docket Entry Nos. 558, 560).   Bertman moved for summary judgment,

arguing that the property was exempt from forfeiture as her homestead under Texas law.  (Docket

Entry No. 571).   The United States moved for an interlocutory sale of the property, *see* FED. R.

CRIM. P. 32.2(b)(7).  (Docket Entry No. 576).   In May 2016, the court heard oral argument from

counsel on these motions and took them under advisement. (Docket Entry No. 586).  On September

1

8, 2016, the court issued its ruling denying Bertman's motion for summary judgment and granting

the government's motion for interlocutory sale.  (Docket Entry No. 599).

Bertman has moved for reconsideration, and the government has responded.  (Docket Entry

Nos. 600, 604).   Based on a careful review of the motions and submissions, the record, the

arguments of counsel, and the applicable law, the court denies the motion for reconsideration.  The

reason for these rulings is explained below.

## II.      The Legal Standard for a Motion for Reconsideration

The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir.

1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for

reconsideration.").   A court retains the power to revise an interlocutory order before entering

judgment adjudicating the parties' claims, rights, and liabilities.  FED. R. CIV. P. 54(b).  A motion

that asks the court to change an order or judgment is generally considered a motion to alter or amend

under Rule 59(e).  *T-M Vacuum Products, Inc. v. TAISC, Inc.*, 2008 WL 2785636 at *2 (S.D. Tex.

July 16, 2008).  A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet

v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303

F.3d 571, 581 (5th Cir. 2002)).  A Rule 59(e) motion "'must clearly establish either a manifest error

of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments

which could, and should, have been made before the judgment issued.'"  *Rosenzweig v. Azurix

Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159

(5th Cir. 1990)).  Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that

courts should use sparingly.  *Templet*, 367 F.3d at 479; *see also* 11 WRIGHT & MILLER, FEDERAL

PRACTICE & PROCEDURE § 2810.1 at 124 (2d ed. 1995).  The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 WRIGHT & MILLER § 2810.1 at 127–28 (footnotes omitted).

### III.   Discussion

Bertman raises three issues in her motion for reconsideration.  She argues that: (1) the government was not entitled to proceed against the residence as a substitute asset forfeiture; (2) the government did not prove by a preponderance of the evidence that it was entitled to seek substitute assets; and (3) $450,000.00 of the court's forfeiture order was unsupported by the jury verdict. (Docket Entry No. 600).

Each argument is an impermissible third-party challenge to the forfeiture of Fisch's assets. *See* 21 U.S.C. § 853(n); FED. R. CRIM. P. 32.2 .  In *United States v. Holy Land Foundation for Relief and Development*, 722 F.3d 677, 689–90 (5th Cir. 2013), the Fifth Circuit adopted the rule of the Second, Eighth, Tenth, and Eleventh Circuits that § 853(n) "does not give a third party the right to challenge the legality of the seizure; the plain language of the subsection indicates that its purpose is to ensure that the property is not taken from someone with a right to the property that is superior to the defendant." *United States v. Porchay*, 533 F.3d 704, 710 (8th Cir. 2008).  "The Advisory Committee Notes to the 2000 adoption of [FED. R. CRIM. P.] 32.2 state the ancillary proceeding for third-party claimants 'does not involve relitigation of the forfeitability of the property,' which has already been ordered in the criminal case." *United States v. Davenport*, 668 F.3d 1316, 1321 (11th Cir. 2012).  That is what Bertman is seeking to do here.  But as the Fifth Circuit held in *Holy Land*

3

*Foundation*, Fisch "is the only party that has standing to challenge the forfeitability of [his] assets."
722 F.3d at 690.

Even if Bertman had standing to assert these arguments, they would not merit the
"extraordinary remedy" of changing the court's judgment. *See Templet*, 367 F.3d at 479. All three
of her arguments have been raised by the defendant in: (1) his first and second requests for a hearing
on the government's motion for forfeiture, (Docket Entry Nos. 417, 432), and reply to the
government's response, (Docket Entry No. 461); (2) his response to the government's motion for
forfeiture, (Docket Entry No. 456); (3) his objections to the proposed order of forfeiture, (Docket
Entry No. 464); and (4) the arguments of counsel at the October 27, 2015 hearing, (Docket Entry
No. 467). Bertman's motion largely repeats these earlier filings. A Rule 59(e) motion "must clearly
establish either a manifest error of law or fact or must present newly discovered evidence and cannot
be used to raise arguments which could, and should, have been made before the judgment issued."
*Rosenzweig*, 332 F.3d at 863–64 (5th Cir. 2003) (internal quotations marks omitted). Bertman's
arguments have already been well considered by the court.

Bertman does not cite—nor would she have standing to argue from—the recent Fifth Circuit
case, *United States v. Ayika*, 2016 WL 4895879, — F.3d — (5th Cir. Sep. 14, 2016), decided shortly
before she filed her motion. The court ruled that "the Government cannot, consistent with the
statutes, treat § 982(a)(7) [forfeiture of traced criminal funds] and § 853(p) [substitute forfeiture]
as interchangeable. Put differently, § 853(p) is supplementary in the sense that the Government must
first demonstrate that, through some act of the defendant, the asset represents commingled property
so that it cannot be traced under § 982(a)(7) before it may proceed under the substitute asset
provision of § 853(p)." *Id*. at *12. The circuit court did not rule that the government could not

proceed under § 853(p) after proceeding under an alternative statute and theory; it noted only that the government had not yet made the requisite showing under § 853(p), and the court remanded the case to the district court to give the government the opportunity to make that showing. *Id*. at *12–13. Here, the government has not treated the forfeiture statutes as interchangeable, even though it has at times proceeded under alternative theories. Fisch raised multiple objections multiple times to forfeiture under § 853(p). The court considered those objections and the sufficiency of the government's evidence at the October 27, 2015 hearing. (Docket Entry No. 467). Even if *Ayika* could have been raised in the motion for reconsideration, it would not reveal a manifest error of law in the court's judgment or require altering that judgment. The motion for reconsideration must be denied.

## IV.    Conclusion

Bertman does not have standing to relitigate the forfeitability of Fisch's residence, nor would relitigation of issues the court has already considered and ruled upon be appropriate under Rule 59(e). The motion for reconsideration, (Docket Entry No. 600), is denied.

SIGNED on October 11, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge