IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| VS. | § | CRIMINAL ACTION NO. H-11-722 |
| | § § | |
| ABRAHAM MOSES FISCH | § | |

**ORDER FOR SUPPLEMENTAL BRIEFING**

Finding his motion under 28 U.S.C. § 2255 unsuccessful, (Docket Entry No. 626), Abraham Fisch now moves for a writ of coram nobis to amend this court's judgment in light of the Supreme Court's recent decision in *Honeycutt v. United States*, — U.S. —, No. 16-142 (June 5, 2017). (Docket Entry No. 642). Fisch also renews his request to stay the interlocutory sale of his residence at 9202 Wickford Drive as a substitute asset subject to forfeiture. (Docket Entry No. 643). The government has responded to both motions, and Fisch has replied. (Docket Entry Nos. 646, 647, 649, 650).

*Honeycutt* resolved a circuit split over whether joint and several liability applies to co-conspirators under 21 U.S.C. § 853(a), the criminal forfeiture statute. The Supreme Court ruled that it does not. *Honeycutt*, No. 16-142 at 1, 11 ("Forfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime.").

The parties have confined themselves to arguing whether a writ of coram nobis is a procedurally adequate vehicle for Fisch to contest his forfeiture sentence. (Docket Entry Nos. 649, 650). Without resolving that question at this juncture, the court requests supplemental briefing on the merits of Fisch's argument. By **August 25, 2017**, the parties are ordered to file briefs of no more

1

than 10 pages responding to the following questions:

(1) Does a preponderance of the evidence in the record show that Fisch "himself actually acquired as the result of the crime" the $700,000 of forfeitable property currently in dispute? *See Honeycutt*, No. 16-142 at 11.

(2) Does the "mere intermediary" exception under 21 U.S.C. § 982(b)(2) or a similar provision apply to Fisch?

Whichever way the court rules on these questions does not affect the sale of the Wickford residence. Fisch concedes that even if *Honeycutt* applies to his case, $450,000 of his forfeiture sentence stands. (Docket Entry Nos. 642, 643, 650). The government may proceed against the residence to satisfy that judgment. The court also denies Fisch's motion to compel the government to follow this court's orders, (Docket Entry No. 644), as unnecessary. If the government fails to follow the statutory instructions as this court ordered, (Docket Entry No. 638), that deficiency can be remedied without the defendant's involvement.

SIGNED on August 10, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge