IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § § § |
| VS. | § CRIMINAL ACTION NO. H-11-722 |
| | § CIVIL ACTION NO. H-18-1419 |
| ABRAHAM MOSES FISCH, | § § |
| Defendant. | § |

**ORDER DENYING MOTION TO SEAL**

The defendant, Abraham Moses Fisch, has moved to vacate or set aside his conviction or correct his sentence. (Docket Entry No. 684). Fisch has also moved to seal the motion and attachments. (Docket Entry No. 688). The motion to seal is denied, without prejudice to Fisch showing cause to seal specific documents or parts of documents by **June 20, 2018**.

**I.     The Legal Standard**

"Courts distinguish between the standard for an order sealing documents filed with the court and the standard for a protective order limiting dissemination of documents produced in discovery." *Lehman Bros. Holdings, Inc. v. Cornerstone Mortg. Co.*, No. CIV.A. H-09-0672, 2011 WL 649139, at *5 (S.D. Tex. Feb. 10, 2011). A more stringent showing is needed to seal filed documents than to limit access to documents exchanged in discovery. *Compare In re Terra Int'l Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (protective order for documents exchanged in discovery) *with S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (sealing documents filed with the court). "'Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.'" *Van Waeyenberghe*, 990 F.2d at 848. In some cases, such as those involving "trade secrets, the identity of informants,

and the privacy of children," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), or those in which information could be used for "scandalous or libelous purposes," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), the interest in secrecy is compelling. The Fifth Circuit has explained that the presumptive right of public access to judicial records applies even when the information may not be of particular interest to the public. *See Macias v. Aaron Rents, Inc.*, 288 F. App'x 913, 915 (5th Cir. 2008).

"'[T]he district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *Van Waeyenberghe*, 990 F.2d at 848 (quoting *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)). A judge is "the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal" and must not simply "rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848.

**II.     Analysis**

Fisch filed his § 2255 motion with hundreds of pages of exhibits under seal, with no showing of a need to protect all the information from disclosure. He has not presented a sufficient basis for such a broad approach to sealing. Fisch's argument that most of the documents are "sensitive," including "reference to medical issues of Fisch's volunteer trial counsel and a medical record related to Fisch," do not justify sealing the entire filing. For example, included in the documents Fisch asks to seal is his indictment, (Docket Entry No. 684-20 at 50), which was unsealed after arrest, (Docket Entry No. 1). Fisch also asks to seal an article published in the *International Business Times*. (Docket Entry No. 684-20 at 69). The events that gave rise to this case happened years ago, and

some of the documents Fisch asks to seal date back to the late 1990s. (Docket Entry No. 684-65 at 8). Fisch has not met his burden to rebut the presumption against filing under seal. *Macias*, 288 F. App'x at 915.

**III. Conclusion**

The pending motion to seal is denied, without prejudice to Fisch showing cause to seal specific documents or parts of documents by **June 20, 2018**.

SIGNED on May 15, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge