## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-11-722 |
| | § | CIVIL ACTION NO. H-18-1419 |
| ABRAHAM MOSES FISCH, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

**I.    Background**

The defendant, Abraham Moses Fisch, has moved to have this judge recuse herself or be disqualified from presiding over this case under 28 U.S.C. § 455(a). Fisch argues that the court should transfer his 28 U.S.C. § 2255 motion to another judge. (Docket Entry No. 685). Fisch makes two arguments for recusal or disqualification: (1) that the court predetermined Fisch's participation in the conspiracy; and (2) that the court previously determined the effectiveness of his trial counsel, which he challenges in this § 2255 motion. The government opposes recusal and disqualification and has cross-moved for sanctions. (Docket Entry No. 686). Fisch replied. (Docket Entry No. 692).

Based on the record, the motions, the briefing, and the applicable law, the motion to recuse or be disqualified and the motion for sanctions are both denied. The reasons for these decisions are explained below.

**II.   Fisch's Motion for Recusal or Disqualification Under 28 U.S.C. § 455**

    **A.    The Legal Standard**

A party may move to recuse a judge under 28 U.S.C. § 455, which requires a judge to disqualify when "his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455. The

appearance of impartiality controls the § 455 analysis, not whether a judge subjectively believes herself to harbor bias or prejudice. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988). An objective standard for evaluating bias applies. *See Andrade v. Chojnacki*, 338 F.3d 448, 454–55 (5th Cir. 2003). (citing *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 948 F.2d 1436, 1448 (5th Cir. 1991)). Recusal is required under § 455(a) only if "a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003), *cert. denied*, 540 U.S. 1108 (2004).

A court's "review should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents," *id.* (citing *Sao Paulo State of Federative Rep. of Brazil v. Am. Tobacco Co.*, 535 U.S. 229 (2002)), which includes the origin of a judge's alleged bias. *Id.* (citing *Liteky v. United States*, 510 U.S. 540 (1994)). "As articulated by the Supreme Court, this rule more or less divides events occurring or opinions expressed in the course of judicial proceedings from those that take place outside of the litigation context and holds that the former rarely require recusal." *Id.*

### B. The Court Does Not Need To Refer The Recusal Or Disqualification Motion

A judge may refer a recusal or disqualification motion to another court. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 458 (5th Cir. 1996) ("If the issue of the judge recusing herself arises (either through a motion to recuse under § 455, an affidavit of prejudice under 28 U.S.C. § 144, or the judge's own motion), the judge may—at her option—transfer the matter to another judge for decision or determine it herself."); *Azam v. Brown*, 2017 WL 4816795 at *5 (9th Cir. 2017) ("It was not error for a different district judge to adjudicate the disqualification motion because 28 U.S.C. § 455 does not preclude independent review by another district judge."); *Bettis v. Toys R Us*, 646

F. Supp. 2d 1273, 1274-1286 (S.D. Fla. 2009) (motion transferred to magistrate judge for consideration). But the Fifth Circuit has held that transferring recusal or disqualification motions "is not to be encouraged" because it "raises problems of administrative inconvenience and delay." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982). "Although the matter is ultimately within the discretion of the challenged judge, recusal motions should only be transferred in unusual circumstances." *Id.* Fisch's recusal or disqualification motion does not present unusual circumstances that require transfer to another judge. The court declines to transfer this motion.

### C. The Court Did Not Predetermine Fisch's Participation In The Conspiracy

Fisch argues that the court assumed his participation in the conspiracy before hearing any evidence, citing the court's comments at a pretrial hearing held on April 10, 2015. (Docket Entry Nos. 308, 314, 685 at 2). The comments were made during arguments on the admissibility of documents and tape recordings in co-defendant Lloyd Glen Williams's FBI source file. (Docket Entry No. 308 at 18, 22). The government argued that the evidence was inadmissible as irrelevant to Fisch's intent because he had never seen the material. *Id.* at 18–19. Fisch argued the opposite. *Id.* at 22–23. Fisch cites the following transcript excerpt:

| | |
|---|---|
| McCrum (Fisch's counsel): | . . . There was a small stack of documents relative to Mr. Williams' cooperation that was shown not only to Mr. Fisch, but also to an agent who had gone to interview Mr. Williams. It not only goes to Mr. Fisch's — |
| The Court: | Well, again, if all we're talking about is documents that Mr. Fisch saw during the conspiracy — |
| McCrum: | Yes, your honor. |
| The Court: | — that's a different issue. But I need that predicate. So until there is a predicate either because the |

3

> talked government already agrees that it's established, or because during the trial I hear the evidence that provides the predicate, that the documents being about, or that you intend to introduce, were in fact shown to Mr. Fisch during the conspiracy by Mr. Williams, then I believe the admissibility analysis comes out the other way.

(Docket Entry No. 308 at 23–25). The court concluded:

> . . . I'm going to enter a limine order that says that you certainly may refer to the documents that are going to be preadmitted, and I suspect this is probably one of them, based on the parties' exchange that are — but as to the other documents that Mr. Williams' file has revealed, that Mr. Fisch did not see, or as to which I have no predicate at this time indicating whether or not he saw them during the conspiracy, I'm going to issue the limine order that prevents you from referring to them in front of the jury for any purpose, or with any witness for any purpose until I have an opportunity to hear your request that there is now sufficient predicate to allow the documents to be discussed and admitted.

*Id.* at 24–25. When Fisch reiterated his argument that he had seen the documents, the court stated:

> [In opening statement] you can talk about what Mr. Fisch was shown, when he was shown it, and what you believed he believed—what you think the evidence will show as to his intent as a result of what he saw. I don't have a problem with that. That's not precluded. That is different from talking about specific documents as to which we have no indication that they were in fact read by Mr. Fisch during the conspiracy.

*Id.* at 32.

Fisch argues that the court's comments "reflect a predetermination or belief that Fisch had participated in the alleged criminal conspiracy based solely on the government's allegations." (Docket Entry No. 685 at 2). Fisch's argument is unpersuasive. The April 10, 2015 hearing was held to determine whether to admit evidence, not to determine whether a conspiracy existed or who its participants might be. (Docket Entry No. 308 at 22). The court used the phrase "during the conspiracy" to define a time period, not to suggest Fisch's involvement in a conspiracy, because documents Fisch saw after the conspiracy period were not relevant to his intent and were inadmissible. *See United States v. Ndiaye*, 434 F.3d 1270, 1295–1296 (11th Cir. 2006); FED. R. CIV.

4

P. 402. The court's comments during the April 10, 2015 hearing do not show a predetermination of guilt and are not a sufficient ground for recusal.

### D. The Court's Prior Ruling On The Effectiveness Of Counsel Does Not Warrant Recusal

Fisch next argues that the court's conclusion in October 2015 that his counsel, McCrum, provided effective assistance requires recusal so that the court is not asked to reconsider its own opinion during the habeas proceedings. (Docket Entry No. 685 at 3). Fisch's ineffective assistance claim is central to his § 2255 petition. (Docket Entry No. 684 at 6–38).

On October 23, 2015, four days before Fisch's sentencing, the court ordered that no additional continuances would be granted. (Docket Entry No. 457). The morning of sentencing, Fisch moved to determine the effectiveness of trial counsel. (Docket Entry No. 462). Fisch argued that McCrum had failed to conduct a proper pretrial investigation, to impeach government witnesses, to move for a continuance due problems with his health, or to make offers of proof. *Id.* at 24. Fisch asked for a continuance and a merits hearing. *Id.* at 25.

The court noted that it could postpone ruling on Fisch's motion to determine the effectiveness of trial counsel, (Docket Entry No. 513 at 25), but instead granted the request to consider the Sixth Amendment claim, because there was sufficient record information to do so. *Id.* at 28–31. The court found that McCrum had met the standard for constitutionally adequate representation and that there was no ineffective assistance of counsel. *Id.* at 29. On direct appeal, the Fifth Circuit declined to address the ineffective assistance claims at that time due to an insufficient record:

> . . . Fisch contends that trial counsel was ineffective. On the morning of sentencing, Fisch filed a "motion to determine the effectiveness of counsel," arguing that his trial counsel, Michael McCrum, was ineffective in several respects. Fisch argued that McCrum: (1) failed to interview key government and defense witnesses; (2) failed

5

> to investigate or pursue potential defenses; (3) failed to introduce impeachment evidence; (4) failed to make evidentiary offers of proof to admit exhibits; (5) failed to request a defensive jury instruction on 18 U.S.C. § 1515(c); and (6) refused to request a trial continuance after falling ill during trial and undergoing surgery. Fisch submitted exhibits supporting his claims, including affidavits and text message conversations between him and McCrum.
>
> The district court orally ruled on the motion without requesting further briefing or holding an evidentiary hearing. The government concedes that Fisch was not able to develop his claims below, which prohibits appellate review. We conclude that the factual issues underlying Fisch's claims of ineffective assistance cannot be determined on the current record. The Supreme Court has noted that such factual issues are best resolved by the district court on 28 U.S.C. § 2255 review. *See Massaro v. United States*, 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Consequently, we decline to address Fisch's ineffective assistance claims on direct appeal. Nothing about our affirmance of Fisch's convictions affects Fisch's right to bring ineffective assistance of counsel claims—including those that were stated in Fisch's motion below—in a timely § 2255 proceeding.

*United States v. Fisch*, 851 F.3d 402, 412–13 (5th Cir. 2017) (footnote omitted).

Fisch argues that because the court "has already concluded attorney McCrum provided effective assistance of counsel, [it] should disqualify [itself], or be disqualified, from considering the current motion which includes, but isn't limited to, the same grounds previously raised in the district court." (Docket Entry No. 685 at 5). Fisch cites no case law to support the assertion that a judge must recuse herself when rehearing an issue. Fisch cites to no other basis for recusal on this issue other than the court's oral ruling on October 27, 2015.

"'[J]udicial rulings alone almost never constitute a valid basis' for finding bias or partiality." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 581 (5th Cir. 2005) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted)). The Supreme Court's *Liteky* opinion is helpful:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality

challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky*, 510 U.S. at 555.

Fisch argues that the court's oral ruling on the motion to determine the effectiveness of trial counsel is an "extrajudicial source." (Docket Entry No. 692 at 3–4). Fisch is wrong. The court's "knowledge [of McCrum's effectiveness as trial counsel] and the opinion it produced were properly and necessarily acquired in the course of the proceedings." *Liteky*, 510 U.S. at 551; *United States v. Mizell*, 88 F.3d 288, 300 (5th Cir. 1996); (Docket Entry No. 513 at 28–29 (". . . I witnessed Mr. McCrum's advocacy in a number of pretrial hearings. I witnessed it in the papers he filed. I witnessed it in the long trial. I witnessed it in his command of the law that was relevant and in the evidentiary—in the evidence rules that he invoked. I witnessed it in the witnesses that were called and his command of the facts and the record in cross-examining and in eliciting testimony from those witnesses, including Mr. Fisch himself, and the defendants in the underlying cases who were presented.")). Though the Fifth Circuit held that the record was insufficient to determine the factual issues underlying Fisch's claims of ineffective assistance, the reason for the deficiency is attributable to the timing of Fisch's motion to determine the effectiveness of trial counsel and not a "deep-seated favoritism or antagonism" of the court "that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. The court's October 27, 2015 oral ruling on Fisch's Sixth Amendment motion is not a sufficient ground for recusal.

### III. The Government's Motion for Sanctions

#### A. The Legal Standard

"The primary purpose of sanctions is to deter frivolous litigation and abusive tactics." *Topalian v. Ehrman*, 84 F.3d 433, No. 94-20567, 1996 WL 248995, at *4 (5th Cir. April 12, 1996).

7

No party has the right "to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The sanction imposed must be "the least severe sanction adequate to achieve the desired result." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir.1996).

"When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Carroll v. The Jacques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997). In order to impose sanctions against a party under its inherent power, a court must make a specific finding that the party acted in bad faith. *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001) (citing *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999)). The court is "to conduct an independent investigation in order to determine whether it has been the victim of fraud." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123 (1991). Courts have the authority to make credibility determinations to resolve whether such misconduct has occurred. *See Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 808-09 (5th Cir. 2003); *Carroll*, 110 F.3d at 293; *Matter of United Markets Int'l, Inc.*, 24 F.3d 650, 655 (5th Cir. 1994).

**B.     Analysis**

The government asks the court to sanction Fisch's current counsel, Regina Criswell, on several grounds. (Docket Entry No. 689 at 27–28). Criswell represents Malkah Bertman, Fisch's wife, acquitted defendant, and third-party petitioner. The government argues that Criswell misled the court regarding her representation of both Fisch and Bertman; improperly contacted a represented party outside the presence of that party's counsel; and has filed "frivolous" and "baseless" motions post-trial. *Id.* Fisch responds that the government's assertions "are largely false and inflammatory." (Docket Entry No. 692 at 4–5).

The court recognizes the severity of the government's accusations against Fisch's counsel. Because the evidence is disputed, the current record is insufficient to allow the court to make a specific finding that Fisch's current counsel acted in bad faith so as to warrant sanctions. *Wackenhut*, 250 F.3d at 952 (5th Cir. 2001). The court also acknowledges the numerous posttrial motions that have been filed by Fisch's counsel on behalf of Fisch and Bertman, largely relating to the sale of their forfeited property, some of which have been granted. (Docket Entry Nos. 638, 659, 690). Fisch's motion for recusal, (Docket Entry No. 685), though denied, is not so frivolous as to warrant sanctions. The court refrains from sanctioning Fisch's counsel on the basis of her posttrial filings, but it will not tolerate future filings that are intended to harass, cause delay, or abuse the judicial system or another party. *Farguson*, 808 F.2d at 359.

**IV. Conclusion**

Fisch's motion for recusal or disqualification, (Docket Entry No. 685), is denied. Fisch's 28 U.S.C. § 2255 petition will remain in this court. The deadline for the government to respond to Fisch's § 2255 petition remains **June 30, 2018**. (Docket Entry No. 686). The government's motion for sanctions, (Docket Entry No. 689), is denied.

SIGNED on May 23, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge